GASKILL *et al. vs.* DAVIS.

1. What is meant by " improvements *made?* " Are they made when incomplete, or not brought to a state fit for use?
2. Mechanic's lien upon walls and chimneys only, cannot be enforced by levy and sale after substantial additions have been made by others. Mutilation of a building by selling its parts separately, is not a method of either law or equity.
3. After a lessee's term has expired, and the premises, including a finished and completed house erected thereon by the lessee, have reverted to the lessor, a mechanic's lien recorded against the house and lot as the property of the lessee, will not be enforced by a sale of the brickwork and walls of the house, these being the parts of the house constructed by the holder of the lien, and the other parts having been constructed by other workmen.

Equity. Mechanic's lien. Levy and sale. Improvements. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

This case is sufficiently reported in the opinion, with this addition, that one of the alleged errors complained of in the motion for new trial was the following portion of the charge of the court:

" If the plaintiff, Davis, was a mechanic, and in the capacity of a mechanic, contracted for and placed the improvements on the property, he would be entitled to a lien on

the improvements made by him, without regard to the title. That is to say, if he made such a contract with Kreis (the lessee), and placed the improvements there under that contract, in the capacity of a mechanic, he would have a lien on such improvements, if it were Kreis' own property, and a like lien if Kreis did not own the property—a lien on such improvements."

JOHN A. WIMPEY, for plaintiffs in error, cited, on error in charge, 11 *Ga.*, 45; 19 *Ib.*, 429; 29 *Ib.*, 408; 23 *Ib.*, 205; 57 *Ib.*, 20; 9 *Ib.*, 37; 14 *Ib.*, 1; §1959 of Code of 1868, repealed by constitution of 1868, art. 1st, §30, and by act of 1869, pam. p. 135; 46 *Ga.*, 112. Davis was a contractor, not a mechanic, 45 *Ga.*, 561; 49 *Ib.*, 506, 388.

E. N. BROYLES; D. F. & W. R. HAMMOND, for defendant, cited Code of 1863, §1971; Code of 1868, §1959; Rev. Code, §1979. Decision in 29 *Ga.*, 408, was made under acts of 1834 and 1837. Verdict and judgment may be moulded, 56 *Ga.*, 446; 57 *Ib.*, 71; 35 *Ib.*, 89; Code, §§3479, 3562.

BLECKLEY, Justice.

1. For a mechanic to have, under §1959 of Irwin's Code, a lien upon improvements, where he could have none upon the premises as against the true owner, the improvements must have been *made* by him. Are improvements *made* until they are brought to a state of completion fit for use? Are naked brick walls and the other brick-work of a house improvements *made*, or are they improvements partially made, that is, commenced and somewhat advanced?

2. A mechanic whose lien is upon such incomplete structure as the walls and chimneys of a house, and does not attach to the land, cannot enforce the same by levy and sale unless he proceeds whilst the subject of his lien is substantially as he left it. If, after it has been carried on to completion by others, he has a remedy, it is by the methods of equity rather than by those of law; but neither law nor

equity will mutilate a building by selling the brick-work separately from the plastering, roof, floors and general finish.

3. In May, 1872, premises were leased for a term extending from that date till the expiration of the year 1876. The rent reserved was, for the first year, thirty dollars per month; for the second year, thirty-five dollars per month; for the third, forty dollars per month; and for the fourth and fifth, forty-five dollars per month. Payments were to be made monthly in advance. For default two months, the lessor had a right to re-enter, and avoid the lease. All improvements were to belong to him. The houses upon the premises were to be returned by the lessee as good as when received, wear and tear as usual excepted. Until Christmas, 1873, the lessee had a conditional right to purchase the premises at $5,000.00, half cash, and the other half on time. The condition annexed to this right was, that the property should happen to be released from certain attachments that were resting upon it. The contract was in writing, and was signed by both parties. The lessee being in possession, a mechanic, under a contract with him, erected upon the premises the walls and other brick-work of a two-story brick house. His work was completed the first of December, 1872, and he recorded his claim of lien on the 4th of February following. The amount of the debt was upwards of $900.00. In the claim of lien, the premises were treated as the absolute property of the lessee, and the lien was claimed upon the house and lot, "for furnishing brick and building said house." The mechanic had no concern with the plastering or other work subsequently done to complete the building. He declared on his lien, and obtained judgment against the lessee, the date of the judgment being April 8th, 1875. Execution issued, and was twice levied. The first levy was made June 5th, 1875, and was upon the lot and the building, as the property of the lessee. A claim was interposed, not by the lessor directly, but by his children, for whose benefit he held the title in trust. The second levy was upon

the leasehold interest (duly described) of the lessee, in the house and lot. It was made June 1st, 1876; and on the first Tuesday in January, 1877, the sheriff attempted a sale under this levy, but no bid was obtained, the lessee's term having then expired. The claim case was tried in June, 1878, on a special issue, in which the plaintiff in *fi. fa.* averred that the improvements, consisting of the "walls" of the house, were subject to the *fi. fa.*, "being the improvements placed upon the lot by him." The issue concluded with a prayer that the verdict and judgment might be so moulded as to subject "said improvements." No facts were alleged, further than appears in this brief description of the issue, and no equitable principle was invoked as the basis of a special judgment. The jury found "the brick-work and walls", put on the premises by the plaintiff, subject to the lien. The court adjudged and decreed that "the brick-work and walls" are subject to the lien, and that they be sold under the *fi. fa.* A motion for a new trial was made by the claimants, on the ground, among others, that the verdict was contrary to law. The motion was overruled. The court erred in not granting it.

Judgment reversed.