Gaskill *et al. vs.* Davis.

## GASKILL *et al. vs.* DAVIS.

1. Section 1959 of the Code of 1868 gave to mechanics a lien upon "improvements made by them" on property "without regard to the title" to such property.
2. When a brick-layer completed his contract to do the brick work of a brick house, he made improvements on the premises in the sense of the said section of said Code.
3. Where the mechanic contracted to do the work with the occupant of the premises in possession thereof and controlling the same, and did the work for him and recorded his lien on the house as the house and premises of the party in possession who contracted with him, the said lien, so far as it operated on the improvement made by said mechanic, was not lost because the occupant did not have the absolute title to the premises, but attached to the improvement so made without regard to the title, under said section in said Code, which at the date of the lien was the law.
4. While under the decision of this court in a claim case between these parties, it was held that the brick improvement of the house alone could not be separated from the work of the carpenter thereon, and separately sold to the serious injury of the property, yet on a bill in equity filed by the mechanic against the true owners of the property and the occupant, alleging the insolvency of all of said defendants, including the occupant and contractor with complainant, and exhibiting to the bill the lien, its legal record and foreclosure, the claim case, its pendency, and the impossibility of subjecting and selling the improvement by itself at law, and the inadequacy of any remedy at common law, equity will intervene, and either order the sale of the entire property and pay the mechanic the value of his improvement in proportion to the value of the whole premises, or secure an adequate share of the rental thereof for his payment.
5. The lessee not having been made a party nor his insolvency alleged, so as to exclude the possibility of a recovery at law, nor the fact alleged that the occupant was not, but defendants were the real owners of the property, the judgment overruling the demurrer to the bill is reversed, with leave, if so advised, to complainant to amend and make the lessee a party, and charge his insolvency, if true, and that he is not, but defendants are the owners of the property, which being done, the demurrer will be overruled.

BLECKLEY, Justice, concurred specially.

Lien. Title. Equity. Before Judge HILLYER. Fulton Superior Court. March Term, 1879.

Gaskill *et al. vs.* Davis.

In connection with the report contained in the opinion, see 61 *Ga.*, 644.

JOHN A. WIMPEY, for plaintiffs in error.

D. F. & W. R. HAMMOND: E. N. BROYLES, for defendant.

JACKSON, Justice.

The bill is brought to subject certain premises to the lien of a mechanic for masonry done in the improvement thereof, inasmuch as it was held by this court that the masonry could not be sold separate from the balance of the building. The bill was demurred to, the demurrer was overruled, and the question is this, is there equity in the bill?

It is alleged that one Kreiss was in possession of the premises, and contracted with complainant to do the brick work on the premises for the house; that he did so; that he took and recorded a lien thereon as against Kreiss, the occupant, supposing the property to be his; that the lien was foreclosed and levied; that claimants laid claim to the property; that the case is pending; that complainant cannot subject and sell the brick improvement alone, and thus has no adequate remedy at law, and he prays a sale of the property and that a proper part of the proceeds may be paid him, or that the premises be rented and a just share of the rents be applied to payment of complainant for his work. The occupant is not made a party, nor his insolvency charged, nor is there any allegation, except, perhaps, inferentially, that the defendants, the Gaskills, are the real owners of the property.

1. At the time this work was done and the lien recorded, the laws of the state gave the mechanic who made any improvement on premises a lien thereon regardless of the title thereto. See Code of 1868, section 1959.

2. Was an improvement made upon this property by the brick-mason's erecting thereon a brick house complete so

far as the brick work was concerned? We think so. Before
that brick work was done, the lot would have brought a
certain price; after it was completed—the brick work alone
was completed—would it have brought more? It is a two-
story building, and all the brick work thereon was finished
according to'the allegations of' the bill; and of course it
would have brought that much more, and must have im-
proved *pro tanto* the lot. The improvement, then, was
made on the premises by this brick mason, and against the
improvement so made he was entitled to a lien, no matter
if the title was not in the man in possession but in another.

3. But he recorded his lien as against Kreiss, and on the
entire premises. Did he thereby loose it because Kreiss
was not the true owner? The answer is that he lost his
lien in so far as it bound the entire premises and operated
on them; but he did not, in equity and right, lose it as
againt the improvement he made. His lien on the whole
covered every part; and because on all it could not adhere,
that is no reason it could not bind that part on which it
could and did adhere. Mark, when he recorded the lien,
Kreiss was the possessor and apparent owner of the estate,
and complainant was right to record it as against him and
the whole property. The Gaskills who put the occupant
in possession gave him opportunity to hold himself out as
entitled to build and contract for work done on the lot;
and if somebody must suffer they should, rather than the
mechanic who *bona fide* did work of which they enjoy the
use and rental. We hold, therefore, that this lien is good
against this property to the extent of the value of this im-
provement in equity and right.

4. Such being the case, if this complainant cannot be
otherwise paid, having the right in equity to be paid for the
labor he did out of the improvement which that labor made
to this property irrespective of ownership, equity will see
that he is paid, and will mould such a decree as will pay
him with the least possible detriment to the estate of the
true owner. There is nothing in our ruling in 61 *Ga.*, 644,

when the claim case was here, inconsistent with the ruling now. On the contrary, the expressions of the court in regard to the absence of equitable pleadings in that case show that this court looked to equitable relief for such a case as this being prayed by amendment. Surely if the occupant and contractor with him to do the work is insolvent and cannot pay, and if the true owners, who are enjoying the fruits of his toil, are insolvent and cannot pay him otherwise than out of the rents or sale of this estate, then he ought to be paid out of the premises in one or the other way; and such is the prayer of the bill.

5. The trouble with the bill as it stands, however, is, that it does not make the man who occupied the premises and made the contract a party, nor does it allege his inability to comply with his contract, nor does it allege he is not the true owner, or that the Gaskills are, and therefore he is entitled to proceed in equity against them and their property.

If he can be otherwise paid at law, equity will not relieve the complainant, and he can be so paid if the man who employed him is able to pay him. Nor is he entitled to drag these defendants, the Gaskills, in without showing their interest. It is true he sets out that they claim it, but it may be that their claim is futile, and that title is in Kreiss.

Therefore we rule that the judgment overruling the demurrer be reversed, with leave to complainant to amend his bill, if so advised, so as to make it conform to this opinion, in which event the bill should stand for answer and trial on the merits thereof.

Judgment reversed, with directions as above indicated.

WARNER, Chief Justice, concurred, but furnished no opinion.

BLECKLEY, Justice, concurring.

The members of the court being unanimous in holding that there is no equity in the bill as it stands, I do not feel

myself obliged to say whether it will be sufficient or not, if *amended* in certain respects. That the court erred in overruling the demurrer I am well satisfied. I do not, at present, concur in the view that walls and chimneys are improvements *made*, in such a sense as to be within the saving power of a lien claimed for " furnishing brick and building said house," nor am I convinced that a lien claimed and recorded against the house and premises of A can be enforced as against the ownership of B, whatever it may include, unless some suit or action to enforce the lien is brought against B within a year. Moreover, I believe that a mechanic who intends to stand upon his lien on the improvements as against the ,real owner of the fee, ought to signify as much in declaring and recording his lien. Certainly where improvements are unfinished, they ought to be described accordingly, and a claim of lien made conformably to the description. See Wharton *vs.* Douglass, 9 Reporter, 91. It should not be overlooked that the bill now here fails to embody some of the facts recited in the claim case reported in 61 *Ga.*, 644. Of course no effect to these omitted facts can be given in deciding on the question made by the demurrer.