## GASKILL *et al. vs.* DAVIS.

1. The decision of this case when here on demurrer before, reported in 63 *Ga.*, 645, considered and reaffirmed.
2. There the bill alleged that the mechanic foreclosed his lien on the improvement made without notice or knowledge of the true owners of the property, and on the belief that the party in possession held title thereto; to what extent, especially in regard to the statute limiting the time of foreclosure, proof of knowledge on the hearing of what persons were the true owners, may affect the principles there ruled, *quere?*
3. That proceeding being against the party in possession, and not against the owners, the latter may, on the bill to subject their property to the payment of the mechanic's lien, defend on any ground which might have been set up by them, had they then been declared against; and among these grounds, at the threshold of the cause, was the impediment, if it existed, that the plaintiff was not a mechanic at all, and therefore not entitled to a lien for improvements made; and thus testimony to show that he was not a mechanic went to the core of the case.
4. Where on the first call of the case in equity for trial, at the term at

which it is ripe for trial, a motion is made to continue on account of absent witnesses to a material point, to-wit : in this case to the point whether or not the defendant was a mechanic in the sense of the statute giving him right to lien, and the rule is complied with on the showing in reference to subpœna, materiality and expectancy to get the testimony at next term, etc., a continuance should be granted as a general rule, and whilst the refusal to grant it, being largely within the discretion of the presiding judge, and put in this case upon the issue of attachment against the witnesses and *laches* in the use of that process, would hardly of itself authorize the grant of a new trial, yet it will have its weight in determining that question in connection with other grounds of the motion.

5. The lien of the mechanic is only on the improvement he made and the material he put in the building, and therefore a verdict extending that lien over the entire premises, including the ground, is erroneous and contrary to law, and might seriously affect the rights of the parties in certain not unreasonable contingencies.

6. The points in the case are involved and intricate as arising on the facts, and though the law of it as presented by the bill was settled on demurrer in 63 *Ga.,* 645, yet the facts proved on some points seem variant from the allegations in the bill, and a fuller investigation would subserve the ends of justice.

Liens.   Evidence.   Continuance.   Equity.   Decree. Before Judge HILLYER.   Fulton Superior Court.   October Term, 1880.

Kries (or, as he is called in previous reports of this case, Kreiss) held a certain lot under lease from Gaskill for a specified term, with a conditional right to purchase. Under contract with him Davis furnished, or claims to have furnished, material and built the brick-work of a house on the property. Kries was in possession, and Davis filed and foreclosed a mechanic's lein on the entire property against him, obtaining judgment in 1875. The *fi. fa.* was levied on the entire property, which was claimed by the children of Gaskill as beneficiaries for whom he held in trust. The verdict in the claim case subjected the brick walls, etc. A new trial was granted. (See 61 *Ga.,* 644.) A bill in equity was then filed to subject the property as against the Gaskills. On demurrer the leading questions of law involved were decided. (See 63 *Ga.,* 645.)

When the case was called for trial, defendants' counsel moved for a continuance on the ground of the absence of two witnesses by whom he expected to prove that Davis never was a mechanic, but was a contractor and builder. Counsel stated that they had been subpœnaed, and were respectively absent in Paulding and Spalding counties, and that he expected to have their testimony by the next term. The court certified on this subject as follows:

The fall term, 1880, of Fulton superior court continued in session nearly, or quite, twelve weeks. At an early date in the term, the case of *Davis vs. Gaskill* and others, in which the new trial is moved was reached in its regular order, when the defendants moved for a continuance, on the grounds stated. The complainant's counsel stated to the court that his client, Davis, was a very old man and in feeble health, and likely would not live until the next term of the court or be able to testify in the case if it should be continued.

The complainant, Davis, was present in court, and his appearance was such as manifestly to sustain the reasonableness of the position taken by his counsel.

The court then stated that the absent witnesses were near at hand, each of them being within a day's journey, and their testimony in some degree merely cummulative, and the court would not continue the case, but that it would be delayed, and ample time, opportunity, and if need be assistance by process of the court, afforded to the defendants to procure the attendance of the witnesses or bring in their testimony, and if desired an attachment would be ordered. The defendants' counsel then asked for attachments, and the court ordered them to issue accordingly. The court further stated, that defendants and their counsel would be expected to use all possible diligence to procure the testimony, and that after a reasonable time complainant should have leave to move the court to again advance the case to the trial calendar according to the usage and practice in such cases.

v 66—42

After the lapse of several weeks, the case was again in due form placed on the calendar and defendants' counsel renewed his motion for a continuance. He stated that all he had done with the attachments was to hand them to the sheriff of Fulton county and requested him to forward to the sheriff of Paulding and Spalding counties respectively; that he had learned that witness in Paulding did not reside in Fulton county, and that he had let the attachment as to him lapse and had taken out interrogatories for him and sent them to Paulding county for execution, but did not show that he had sent any money or taken any other steps to procure their execution by sending an agent or otherwise, save only to forward to the sheriff with commission.

As to the witness in Spalding county, defendants' counsel stated, a few days after the attachment issued, he had been informed by the sheriff of Fulton county, that he had received a letter from the sheriff of Spalding county, stating that he had failed to find the defendant in attachment. Nearly a month had elapsed since this information was conveyed to counsel by the sheriff of Fulton county, and neither counsel nor the defendants had in the meantime taken any steps or made any inquiries to find the witness or trace him up, or secure testimony by sending any agent to Spalding county, or employing any agent or otherwise.

The motion was overruled. The case proceeded to trial; the jury found a verdict for the complainant for $991.96 principal, and $554.96 interest, and that he has a lien on a one-third undivided interest in the property mentioned in the bill, and a decree was entered accordingly. Defendants moved for a new trial, on the following among other grounds:

(1). Because the court refused a continuance.

(2). Because the verdict was contrary to law and evidence.

(3). Because the defendants' counsel offered to prove by

Willie Venable, the former deputy clerk, that the attorneys of L. H. Davis in the proceedings to foreclose lien against M. Kries, before judgment and while case was on trial, ascertained that they could not obtain a judgment on the declaration that they had prepared for Davis as a builder and contractor, as it stood, and before judgment and after the case was called, the word " mechanic " in the ninth line was inserted by the attorneys without the leave of the court, allowing the same by way of an amendment, all of which was objected to by complainant's counsel and the court sustained the objections, and rejected the same as irrelevant.

(4). Because, after the cause had been submitted to the jury, and after the defendants had proved to the jury that the defendants, Gaskills, were not insolvent, counsel for complainant moved the court to amend his bill by striking from the bill the charge alleging the insolvency of the said defendants, Gaskills, which was allowed by the court over the objections of the defendant's counsel, and after this part of the bill was stricken, counsel for the defendants moved the court to dismiss said bill because there was no equity in the bill as it then stood, which motion was overruled and the case ordered to proceed.

The motion was overruled, and defendants excepted.

JOHN A. WIMPEY; L. E. BLECKLEY, for plaintiffs in error.

D. F. & W. R. HAMMOND; E. N. BROYLES, for defendant.

JACKSON, Chief Justice.

This cause has been before this court twice, and this is its third presence. It is reported in 61 *Ga.*, 644, and in 63 *Ga.*, 645. In the 61 *Ga.*, it was held that the lien on the brick work alone, standing as part and parcel of the entire house, could not be enforced by execution and sale

of that brick work, because it would disintegrate the entire building to take it away, and the purchaser could not otherwise be put in possession.    It was hinted that there might be relief in equity.

1. A bill was accordingly filed, it was demurred to, and this court—in 63 *Ga.*, 645—held that the demurrer should have been sustained unless the bill was amended so as to allege the insolvency of Kries, the occupant of the tenement when the work was done and the apparent owner of it, and the ownership of the Gaskills.    The legal effect of that decision is that at the time this brick work was completed this mechanic had a lien on the work completed without regard to the title, and that the foreclosure of a lien on the whole premises in a proceeding against Kries was good and valid, so far as the improvements were concerned, no matter who held title, Kries being in possession and the apparent owner of the property.

It was ruled then that, though the lien was foreclosed as against the true owner, Kries being so considered, and the whole of the premises, and though it afterwards turned out that he was not the real owner, and that the mechanic therefore had no lien on the entire premises, yet the foreclosure was good as to the improvements he made under the law then of force.    Code of 1868, §1959, of 1861, §1971.

These points are *res adjudicata*, and the judgment then made is re-affirmed.

2. The plaintiff in error, however, seeks to take the case made on the proof without that ruling, inasmuch as he insists that Davis knew who were the true owners of the property all the while, and should have foreclosed against them within the year fixed as a limit by law.    It is quite clear that he lost his lien as against the *whole* property by not foreclosing against the true owners whether he knew or did not know who they were; but does he lose it against the improvements he made, though he knew who they were? Was he bound to go against them at all to fix the lien and

foreclose it under the law as it then stood? He did not contract with them, and he foreclosed against the contractor. Had he foreclosed only as regards the improvements he made, this it would seem would be sufficient, and this court, in 63 *Ga.*, held that the fact that he proceeded against all did not make him lose the part which his lien covered. The truth seems to be that Kries was a sort of purchaser. He held a lease for years with the right to purchase, and the mechanic might well have been confused in regard to ownership, and the proof of knowledge in him of title in the Gaskills is not conclusive at all. But we leave this point open. Did he know where the title was? and if so, foreclosing as against the whole property and true owner alone, does such knowledge as he had debar him of his equity because he did not declare against that true owner, or did not specifically assert his lien against the improvements, by virtue of the statute that he must assert the lien in twelve months? In other words, does the statute requiring foreclosure in twelve months apply to Davis in this case against the Gaskills, because he knew they owned the property, and did not proceed against them, though he foreclosed not on improvements alone, but on the entire premises? *Quere?*

We incline to think that under the principles ruled in the 63d *Ga.*, he does not lose his right, but we leave the point open.

3, 4. The case must go back on another point. The Gaskills are not bound by the judgment of foreclosure. They were not parties to it. They may, therefore, set up to this bill any defense Kries could have set up to the proceeding to foreclose the lien against the improvements Davis had made, and the point that he was not entitled to any lien for such improvements because he was not a mechanic, goes to the core of the case, and if true would have concluded the attempt of Davis to foreclose for such improvements as against Kries, and therefore will also conclude his effort now to subject the Gaskills'

property to pay the debt as such a lien on that property.

It was thus material that the Gaskills be allowed to show that Davis was not a mechanic, and it seems to us that the case should have been continued to give them opportunity to prove the facts. That, however, is much in the discretion of the presiding judge, as all continuances are, and we put the grant not on this point alone but in connection with others

5. The verdict is wrong. It gives a lien on all the property, the entire premises; whereas the lien is confined to the improvements. If the house were burnt, under the verdict the lien would attach still to the land; and although such accident is a conjecture—a mere contingency—yet it is not an unreasonable one. It is enough that the law fixes the lien on the improvements put *on the house,* and the verdict is contrary to law in that it spreads that lien over all the premises—*the ground* on which the house stands as well as the house.

6. The case was decided on demurrer in the 63d *Ga,*— and the facts seem to be somewhat variant from the allegations made in the bill and then before this court. The case now made is involved and intricate by reason of that variance, and though the court now adheres to the law as then ruled, we all think that the ends of justice would be advanced and attained more satisfactorily by another trial.

In regard to the question af solvency or insolvency of the Gaskills we do not see its materiality. This property is bound for the debt, if it be a lien; and if they have millions outside or have nothing else but this, it cannot affect this issue. They are not bound to pay Davis, be· cause they never contracted with him; this property, though theirs, is bound to pay him, because he improved it and the law gave him a lien on the improvements to secure him for making them, no matter who owned the property. Whatever in writing the opinion I may have

said touching the materiality of their solvency—that of the Gaskills—on this issue—is now unsaid. It was dropped *currente calamo*, and the same pen blots it out.

Judgment reversed.