## COOPER v. JACKSON.

1. The person furnishing material for the improvement of real estate has a special lien on the real estate itself, thus improved, upon the completion of his contract and the record of his lien as required by law.
2. The city court of Gwinnett county has jurisdiction to render a judgment foreclosing a materialman's lien on real estate.
3. There was sufficient evidence to sustain the finding of the jury.

Submitted March 22, — Decided April 20, 1899.

Certiorari. Before Judge Hutchins. Gwinnett superior court. May 18, 1899.

*Oscar Brown* and *Juhan & McDonald*, for plaintiff in error.
*R. W. Peeples*, contra.

Lewis, J. 1. C. P. Jackson instituted proceedings in the city court of Gwinnett county, to foreclose a lien upon a certain house and lot of W. O. Cooper for material furnished and used in the improvement of the house. To this action the defendant filed a plea denying that the plaintiff had completed his contract and that he had recorded his lien within three months from the date of the last material furnished, as required by law. The jury impaneled to try the case returned a verdict for the plaintiff. The issues involved were carried to the superior court by petition of the defendant for certiorari, and after a hearing in that court the petition was overruled. Upon this

judgment of the superior court error is assigned in the bill of exceptions.   One ground of error alleged in the petition for certiorari is, that the judge of the city court erred in charging the jury to the effect that plaintiff's lien covered not only the whole building where the material was furnished, but also the realty where the house was built.   Counsel for plaintiff in error seems to rely on a decision of this court in the case of *Gaskill* v. *Davis*, 66 *Ga.* 666, where it was held that the lien of a mechanic is only on the improvement he made and the material he put in the building, and that therefore a verdict extending that lien over the entire premises, including the ground, is erroneous and contrary to law.   That case was before this court twice before.   See 61 *Ga.* 644, and 63 *Ga.* 645.   It will be seen from the opinion of Justice Bleckley, on page 645 of the 61st volume, that the lien in that case was claimed under section 1959 of Irwin's Code, and by reference to that section it will be seen that mechanics for materials furnished only have a lien upon the improvements themselves.   This law, however, was changed by the act of 1873, embodied in section 2801 of the present Civil Code, which expressly gives mechanics and materialmen, for materials furnished in building, repairing and improving any real estate of their employers, a special lien on such real estate.

2. It is further contended that the city court of Gwinnett county had no jurisdiction to render a judgment foreclosing a materialman's lien on real estate.   Under the act of 1895, creating the city court of Gwinnett county (Acts 1895, p. 384), the jurisdiction of that court throughout that county is really more extensive than that conferred by the general law on county courts.   In the case of *Wheatley* v. *Blalock*, 82 *Ga.* 406, it was decided that a county court has jurisdiction to render a judgment foreclosing a mechanic's lien on realty.

3. The only other ground insisted on is that the verdict is contrary to the evidence.   The evidence was conflicting.   There was sufficient testimony to authorize the conclusion that the lien was properly recorded and within the time required by law, and to otherwise sustain the verdict finding in favor of the plaintiff below.

*Judgment affirmed.    All the Justices concurring.*