## McGAHEE v. HILTON & DODGE LUMBER COMPANY.

112  513
Case 2
126  475

The superior court having jurisdiction of the subject-matter of an action of trover, and the law being that " if a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court," it was too late for the defendant in such action, after having filed an answer denying the plaintiff's right to recover, to move at the trial term to dismiss the petition on the ground that the court was without jurisdiction of the person of the defendant.

Argued December 7, — Decided December 21, 1900.

Trover.   Before Judge Smith.   Montgomery superior court. April term, 1900.

*H. W. Carswell* and *J. H. Martin*, for plaintiff.
*Geiger & Peterson* and *Garrard & Meldrim*, for defendant.

LEWIS, J.   On April 5, 1898, W. W. McGahee brought suit in trover against the Hilton & Dodge Lumber Company, in Montgomery superior court.   The original petition alleged, that the defendant was a corporation under the laws of Georgia, and did business in McIntosh and Montgomery counties; that it was in possession of a certain quantity of pine logs, the number of feet of which and the value thereof were set forth in the petition; that petitioner claimed title to the same, and defendant refused to deliver the property to petitioner, or to pay him the value thereof.   The value was alleged to be $1,038.   At the appearance term, April term, 1898, the defendant, without demurring or pleading, answered the same on its merits, admitted the allegation about the defendant being a corporation and doing business in McIntosh and Montgomery

33

counties, but denied the allegation that it was in possession of the property sued for, or that it had ever acquired possession of the same. It admitted that it refused to deliver the logs sued for, and as the reason therefor said that it had never been in possession of any logs to which plaintiff had legal title, or a right to possession. Defendant alleged that as to the logs of which it had possession it acquired the title thereto from parties in whom the legal title vested at the time of the purchase, and consequently it procured a valid legal title to the timber it had. Thus it seems the case stood until the April term, 1900, two years after the filing of the answer, when the defendant filed a demurrer, and moved to strike the petition for defect appearing on the face thereof, alleging that it set forth no valid cause of action. It alleged specially that the petition failed to show the jurisdiction of the court over defendant in the alleged cause of action, that the suit was not an action arising out of contract, nor was it an action for damages arising in the county of Montgomery; that the petition failed to show that the defendant had an office and transacted business in the county of Montgomery; that the petition failed to allege when, where, and by whom there was a conversion, and it failed to allege that there was an unlawful conversion. Thereupon the plaintiff amended his petition, and alleged further that the defendant company had, in the county of Montgomery, an office for the transaction of its business, and did transact business in said county through and by the office situated and located in said county. It further alleged that the defendant took possession of and converted the logs to its own use from time to time during the year 1897, all of which was wrongfully and illegally done by defendant without consent of plaintiff, the owner of the logs. When the defendant's demurrer was presented, counsel for plaintiff objected to its being heard or determined, from the fact that it was filed too late. This objection was overruled, and the court sustained the demurrer and dismissed the petition, to which ruling plaintiff in error excepts, and upon which he assigns error in his bill of exceptions.

We presume that this suit was based upon the Civil Code, § 1900, which declares: "Any corporation . . chartered by authority of this State, may be sued on contracts in that county in which the contract sought to be enforced was made, or is to be performed, if it has an office and transacts business there. Suits for damages,

because of torts, wrong or injury done, may be brought in the county where the cause of action originated." It is contended, however, by counsel for defendant in error, that this court has decided that an action of trover is not a suit for damages; and the case of *Blocker* v. *Boswell*, 109 *Ga*. 230, is cited as authority for the position that a trover suit is in no sense a damage suit. What the court decided in that case was, that, under the constitution of this State, a justice's court has no jurisdiction in actions of trover, that the actions ex delicto to which the constitution refers relate to damages for injuries done to personal property, and that trover is not that character of action. A fair reading of the opinion in that case will show that this was what was meant in construing the constitution of the State on the subject, and there is nothing in that opinion which intimated that the action of trover had no reference to damages. The truth is, in a trover suit, it is optional with the plaintiff whether he recovers the property sued for, or whether he obtains a verdict for damages, the damages being measured by the highest proved value of the property that was unlawfully converted. Evidently an action of trover is founded upon a tort. It is an action ex delicto, and it may be that the element of damages which it embraces, not damages to the property itself, but damages to the owner of the property, under a proper construction of section 1900 of the Civil Code, would bring it in the list of cases where jurisdiction is given the court in the county where the wrong is committed. But we do not decide that question in this case. It is not necessary. Unquestionably any superior court in Georgia has jurisdiction over the subject-matter of actions of trover. This trial court had jurisdiction over the subject-matter of this suit; and even if the petition was defective, in that it did not show with sufficient certainty its jurisdiction over the person of the defendant, that was waived by the defendant's appearance and pleading to the merits of the case at the appearance term. There was no plea or demurrer filed at the appearance term, no objection whatever to the sufficiency of the petition, and no plea to the jurisdiction of the court. Defendant's answer was to the merits of the case. It squarely joined issue with the facts set forth in the petition. After such an answer is filed to a suit, it is not, under our statute, permissible to allow a demurrer, during the trial term of the case, on the ground of a want of jurisdiction of the court over the person of the defend-

ant. This is the settled law of this State. The latter part of section 5047 of the Civil Code declares: "In all cases demurrer, pleas, and answer shall be disposed of in the order named; and all demurrers and pleas shall be filed and determined at the first term, unless continued by the court or by consent of parties." Section 5080 declares: "If a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court." That is exactly what was done by the defendant below in this case. It appeared and pleaded to the merits, and thereby admitted the jurisdiction of the court. Language could not be stronger or plainer. This question was early considered by this court. The case of *Hall* v. *Mobley*, 13 *Ga.* 318, was where a party plaintiff failed to aver that the defendant resided in the county where the suit was brought. It was there held, that the defendant being served and appearing and answering, without pleading to the jurisdiction, and without having taken the exception, he is held to have admitted the fact of residence and the jurisdiction. In *R. R. Co.* v. *Neal*, 26 *Ga.* 120, it was decided: "A plea to the jurisdiction comes too late upon the appeal, there having been a trial at common law upon the merits." In *Bryan* v. *R. R. Co.*, 41 *Ga.* 71, it was decided: "When a defendant is sued, and appears and pleads to the merits of the suit, without pleading to the jurisdiction of the court, and without excepting thereto, he thereby admits the jurisdiction of the court." Justice Warner, in delivering the opinion in that case, put the decision upon the provision of the law which we have above cited, embodied at that time in the Code, § 3409 (Civil Code, § 5080). We reverse the judgment of the court below for entertaining the demurrer at all, it being based upon a want of jurisdiction of the court over the person of the defendant, and being made two years after filing a plea to the merits of the case.

*Judgment reversed. All the Justices concurring.*