## REPPARD, SNEDEKER & COMPANY *v.* MORRISON.

1. The title of the true owner of land can not be subjected to a lien for material, unless he expressly or impliedly consents to the contract under which the improvements are made.
2. Where the owner did not consent to the alteration or improvement of the building, the land could not be subjected to a lien for material furnished under a contract made by the tenant with the contractor.

Submitted April 8, — Decided May 11, 1904.

Foreclosure of lien.    Before Judge Norwood.    City court of Savannah.    April 18, 1903.

Reppard, Snedeker & Company brought an action against Brockett and Campbell, contractors, and Morrison as owner of a house and lot in Savannah, for the foreclosure of a lien for material furnished by the plaintiffs on the order of the contractors, and alleged to have been used in improving the real estate then owned by Daniels, but sold to Morrison after the lien was recorded.    The contractors made no defense, but Morrison alleged that the improvements had been placed thereon at the instance of a tenant in possession of the property, without the knowledge or consent of Daniels, the then owner, and that neither before nor since the furnishing of the material had the owner ratified the action of the tenant in having the improvements made.    The evidence was conflicting as to whether Daniels had notice of the fact that the contract had been made, or that the work was being done, until after the improvements had been completed.    The tenant testified that the owner came to the place while the work was being done, knew that it was going on, and made no objection.    Daniels testified that the first he knew of the work was when he received notice from plaintiff's attorney of the claim for a lien; that he went at once and examined the place, and returned and notified plaintiff's counsel that he had nothing to do with it; that the tenant

was fixing the place for his own accommodation in extending a partition through the building; that the tenant showed him a receipt and said the work was all done; that the improvements were of no value to the property, and would have to be torn down; that two windows had been torn out, and it would cost about $300 to put the building back as it was when the tenant had gone into it; that he told the tenant that he expected him to do that; that there was no necessity to repair the store, from the standpoint of repairing; that the tenant divided the storeroom so as to make two stores, and thereby enable him to subrent one of them. Other witnesses testified that the work done had not increased the value of the property, but was rather an expense, as the partition would have to be torn down, and it would be expensive to replace the show window which was destroyed in carrying out the alterations made by the tenant. The judge charged the jury that if the owner did not actually or impliedly consent to the making of the improvements, the plaintiffs would be entitled to a judgment against the contractors, but not to a judgment establishing a lien on the property, good as against the owner. The jury found a verdict in accordance with this instruction and against the lien, and the plaintiffs assign error on the court's refusal to grant a new trial.

*W. B. Stubbs*, for plaintiffs.  *W. P. LaRoche*, for defendant.

LAMAR, J. The verdict settles the conflict in the evidence, and, under the charge of the court, is to be construed as a finding that the owner did not expressly or impliedly consent to the tenant's making the contract under which the material was furnished by the plaintiffs for the improvement of the real estate. Under the Code of 1868, § 1959, a mechanic under such circumstances might have been entitled to a lien, not against the real estate, but against the improvement itself, "without regard to the title." *Gaskill* v. *Davis*, 63 *Ga.* 645; *Cooper* v. *Jackson*, 107 *Ga.* 256. But that provision was omitted from the lien act of 1873 (Civil Code, § 2801); and while one having an interest in land may subject such interest to a lien for improvements placed thereon at his request, there is nothing in our statute which modifies the general principle that the title of the true owner can not be encumbered by a lien without some act on his part signifying his assent. *Harmon* v. *Allen*, 11 *Ga.* 45; *Callaway* v. *Freeman*, 29 *Ga.* 408;

*Walker* v. *Burt*, 57 *Ga.* 21 (2); *Powers* v. *Armstrong*, 19 *Ga.* 427; *Rice* v. *Warren*, 91 *Ga.* 759 (2).

This case illustrates the inherent justice of such a rule. Repairs or additions might be made at the direction of a disseisor, trespasser, or tenant, but, while costly, instead of being improvements, they might, as here, positively detract from the value of the estate. Or they might even be improvements and add to the value of the property, and yet might not be of a character which the owner desired placed on his land. If the real estate could be subjected to a lien under such circumstances, he might be called upon to pay for that which the next week he would cause to be torn down and removed. It frequently happens that the lot and the new house sell for less than the cost of the building, and it is unfortunately true that one is often improved out of his estate. But before this can be done, he must at least consent to the making of the disastrous improvement. In view of the finding of the jury we are not called upon to decide how far knowledge of the making of the contract before the work began, or knowledge acquired during the progress of the work, would amount to that consent authorizing the foreclosure of a lien against the true owner.

*Judgment affirmed. All the Justices concur.*