## 4478. LONG *v.* IVEY.

The city court of Monroe has no jurisdiction to try any character of civil suit where the amount claimed or involved, inclusive of interest, is less than $50; and it appearing from the face of the petition that the amount claimed or involved in the present suit was only $33.50, a motion to dismiss the suit, for lack of jurisdiction, should have been sustained.
                    DECIDED JANUARY 22, 1913.

Trover; from city court of Monroe—Judge Stone. October 11, 1912.

*J. H. Felker,* for plaintiff in error. *E. W. Roberts,* contra.

HILL, C. J. This was a bail-trover suit, brought in the city court of Monroe. The plaintiff alleged in his petition, and stated in his affidavit for bail, that the property sued for was of the value of $33.50. When the case was called for trial a motion was made to dismiss the suit, on the ground that the city court of Monroe was without jurisdiction, as the amount involved was less than $50. This motion was denied, and a verdict was rendered for the plaintiff, for $30. The single assignment of error relied upon in this court is as to the refusal to dismiss for want of jurisdiction.

The act of the legislature creating the city court of Monroe (Acts 1905, p. 303), relating to the subject of jurisdiction, is as follows: "Section 1. Be it enacted by the General Assembly of Georgia, and it is hereby enacted by authority of the same, that the city court of Monroe, to be located in the City of Monroe, in the county of Walton, is hereby established and created with civil and criminal jurisdiction over the whole county of Walton, concurrent with the superior court, to try and dispose of all civil cases of whatever nature, wherein the amount claimed or involved, inclusive of interest, is as much as fifty dollars, except those of which the Constitution of this State has given to the superior court exclusive jurisdiction; . . that the jurisdiction herein conferred shall

include not only the ordinary suits by petition and process, but also all other kinds of suits and proceedings which now or hereafter may be in use in the superior courts, either under the common law or statute." The jurisdiction of the court is limited by this section to all civil cases of whatever nature, where the amount claimed or involved is more than $50; and the court has no jurisdiction in any case of a civil character where the amount claimed or involved, inclusive of interest, is not as much as $50. A plea to the jurisdiction, on this ground, which was filed at the trial term of the court, was overruled, on the ground that it came too late, but under the Civil Code (1910), § 5665, where a want of jurisdiction appears on the face of the proceedings, it may be taken advantage of on motion at any time. The lack of jurisdiction being in reference to the subject-matter, any judgment in the case was a mere nullity, and the court of its own motion could have dismissed the suit. *Gower* v. *Fowler*, 1 *Ga. App.* 814 (57 S. E. 1054). The fact that the suit was one to recover personal property would not, we think, give the court jurisdiction, where the value of the personal property was less than $50; for, although a suit in trover is primarily for the purpose of recovering personal property, yet the value of the property is a necessary element of such suit, and must be stated, both in the petition and in the affidavit for bail, and in such suit the plaintiff has an election to take a money judgment for the value of the property.     *Judgment reversed.*