### 4620. WILLIAMS *v.* CHATHAM REAL ESTATE & IMPROVEMENT CO. *et al.*

1. Where a contract for the improvement of real estate is made with one who has executed a conveyance of the land to another as security for a debt, and the holder of the security deed agrees to the contract, the latter is a proper party to the foreclosure of a lien of the contractor for the improvements, and the lien binds his interest in the property.
2. While a city court in this State has no jurisdiction to decree affirmative equitable relief, and no jurisdiction of suits involving title to land, it has jurisdiction to render a judgment foreclosing a materialman's lien on real estate.

DECIDED JULY 8, 1913.

Foreclosure of lien; from city court of Savannah—Judge Charlton presiding. December 27, 1912.

*Anderson, Cann & Cann,* for plaintiff.

*H. W. Johnson,* for defendants.

HILL, C. J. Griffin Williams brought suit against the St. Paul's Colored Methodist Episcopal Church and the trustees thereof (naming them), and the Chatham Real Estate & Improvement Company. The petition sought to obtain a general judgment against the church and the trustees, and to set up and foreclose a lien which the plaintiff claimed for improvements made by him as a contractor on land on which the church was situated, and to which the Chatham Real Estate & Improvement Company held a deed to secure a debt. The real estate company filed demurrers, general

and special. The demurrers were sustained, and the petition was dismissed as to the real estate company; and to this judgment the plaintiff excepted.

The allegations of the petition substantially made the following case: The church and its trustees named made a contract with the plaintiff for the making of certain improvements on a certain lot of land, which land and improvements were described in the petition. This contract was made with the full knowledge, acquiescence, and approval of, and was adopted as its own by the Chatham Real Estate & Improvement Company, the holder of a deed to secure a debt covering said land. The real estate company, before the contract was executed, agreed with the plaintiff to see that he was paid the amount called for by the contract, and the plaintiff relied upon this agreement and representation of the company. The improvements increased the value of the lot of land, and inured to the benefit of the real estate company. Notice of the lien claimed by the plaintiff was given to the defendants, both before and at the time of the filing of said lien for record, and before the money borrowed by the trustees and the church had been paid out by the real estate company. The secretary and treasurer of the realty company, who was authorized to act in the premises, was the person to whom notice was given, and who acted in behalf of the company. The contract made by the plaintiff was duly complied with and completed, and his claim of lien duly recorded, and his suit was brought to foreclose this lien within the statutory period after the recording of the same. Attached to the petition was a copy of the lien, and a copy of the contract made with the church and the trustees thereof. A bill of particulars was also attached to the petition, showing the work done and the materials furnished by the plaintiff under this contract. The petition alleged that the original contract price for the work and materials was $3,500, and that of this sum $3,100 had been paid, leaving a balance due him under the contract of $400, and that in addition to the contract price he performed work and furnished material at the instance and for the use of the defendants, under changes in the plans, not specifically agreed on in the original contract, to the amount of $585.40; which, after making an allowance of $120 on price of windows, leaves a total amount sued for of $865.40, for which amount a lien is claimed upon the improvements, consisting of the church

edifice and parsonage, and the real estate described in the petition upon which the improvements were erected, the same being the property of the church and the realty company, holder of the deed to secure a debt. The general demurrer of the real estate company was upon the grounds that the allegations of the petition set out no cause of action against that defendant, and that there was a misjoinder of parties defendant, in this, to wit, that the petition undertakes to join in one suit the St. Paul's Colored Methodist Episcopal Church and nine individuals, and the Chatham Real Estate & Improvement Company, whereas the petition shows on its face that there was no previous contract between the parties named in the petition; also that the city court of Savannah had no jurisdiction to hear and determine the case, because the petition seeks equitable relief which could only be granted by the superior court. The grounds of the special demurrer, in so far as they were meritorious, were met by appropriate amendment, and therefore will not be considered.

1. Under the act of 1863 the lien of mechanics upon improvements made by them attached to such improvements without regard to the title. The Civil Code (1910), § 3352, provides that "All mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, repairing, or improving any real estate of their employers; all contractors, materialmen, and persons furnishing material for the improvement of real estate . . shall each have a special lien on such real estate;" and further, that when work is done or material furnished for the improvement of real estate upon the employment of a contractor or some other person than the owner, then and in that case the lien given by this section shall attach upon the real estate improved as against the true owner, for the amount of work done or material furnished. In the case of *Reppard* v. *Morrison,* 120 *Ga.* 28 (47 S. E. 554), it was held that the owner could not be subjected to a lien unless he expressly or impliedly consented to the contract under which the improvements were made, or the materials furnished for improvements made. In other words, the general principle is decided in that case that the title of the true owner can not be incumbered by a lien without some act on his part, either actual or constructive, which shows that he assented to the contract under which the lien is claimed. That was a case where

a tenant had the improvements put upon the property, and it was held that no lien was created on the property as against the owner, unless it was shown that he assented to the contract. In the present case the allegations show that the church or the trustees thereof held the equitable title to the land upon which the improvements were placed, that the legal title to this land was held by the Chatham Real Estate & Improvement Company to secure a debt, and that this debt was incurred for the purpose of making these improvements. We think that the holder of an equitable title to property stands in a somewhat different and higher position with reference thereto and to the general public than a tenant. The equitable owner retains possession of the property, and really occupies the position of a true owner to one contracting with him for the purpose of improving the property. But this is immaterial here, because the allegations of the petition specifically show that the contract made by the plaintiff with the equitable owners of the property was adopted as its own by the Chatham Real Estate & Improvement Company, which was the legal owner of the property. In other words, both the equitable owners and the legal owner stood in a contractual relation to the plaintiff, so far as the improvements were concerned.

In *Central of Georgia Ry. Co.* v. *Shiver*, 125 *Ga.* 220 (53 S. E. 610), it is held that all that is required to create a lien against the true owner is consent on his part, either express or implied, to the contract for the improvement of the real estate. Here the allegation is that the holder of the legal title, or the one who in law could be called the real owner, knew of the contemplated improvements, acquiesced in, and approved of and adopted as its own the contract for the improvements. The case of *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 493 (64 S. E. 484), as well as the case of *Carr* v. *Witt*, 137 *Ga.* 373 (73 S. E. 368), seems to be distinguishable on the facts from the instant case. In the former case, which was an effort to set up a lien for lumber furnished to improve real estate, the evidence expressly showed that the holder of the deed to secure a debt had no knowledge whatever that any lumber was furnished or was to be furnished by the person seeking to foreclose the lien; and in the second case a general demurrer was sustained because there was no allegation that the contract for the improvement of the real estate had been adopted by the holder of the se-

curity deed.  In the present case it is specifically alleged that the holder of the security deed had knowledge of the contract for the improvement of the real estate, and expressly agreed to see that the money was paid to the contractor for the improvements, thus ratifying and confirming the contract made by the trustees of the church, and adopting it as its own.  If these allegations of the petition be sustained by proof, under the principle of the above decisions a prima facie case for the establishment of a lien upon the real estate, even as against the Chatham Real Estate & Improvement Company, would be made out.  We do not think it necessary that the Chatham Real Estate & Improvement Company should have actually joined with the trustees of the church in making the contract for the improvement of the church property, but if the evidence should show that it had full knowledge of the contract, and expressly assented to its execution, agreeing with the contractor to see that he was paid according to its terms, and received the benefit of the improvements which the contractor, relying upon its representation as to payment, placed upon the property, these facts would be sufficient to give to the contractor a special lien upon real estate to which that defendant held title for the purpose of securing a debt.

There was no misjoinder of parties.  Before the lien on the land could be established under the allegations of the petition, both the holder of the legal title, to wit, the Chatham Real Estate & Improvement Company, and the holders of the equitable reversionary title, to wit, the trustees, for the use of the church, would have to be joined in the suit.  The legal title being in the realty company, and the equitable title in the trustees for the church, and the church itself having been built for the use of the Colored Methodist Episcopal Church, under the allegations of the petition there was a privity of interest between all the parties.  Certainly the realty company was a necessary party, and its title could not have been incumbered in the suit without first having made it a party.  The owner of the property, or of the interest sought to be charged, is a necessary party, without whose presence a valid judgment foreclosing the lien can not be rendered.  27 Cyc. 349; *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266).

2.  While the city court had no jurisdiction to afford affirmative equitable relief, it had jurisdiction to render a judgment foreclos-

ing a materialman's lien on real estate. *Cooper* v. *Jackson,* 107 *Ga.* 255 (33 S. E. 60). See, also, the case of *Beckwith* v. *McBride,* 70 *Ga.* 642, where suit was brought in the city court of Atlanta against Beckwith, trustee, for the purpose of charging certain church real estate in Atlanta for goods which had been furnished to the church. In that case a demurrer was filed on the ground that the city court was without jurisdiction, because the petition set forth an equitable cause of action, in that it sought to subject trust property to a debt,' and, further, because the title to real estate was involved. The demurrer was overruled, the court basing its judgment upon section 3377 of the Code of 1882 (Code of 1910, § 3786). The court held, in effect, that trust estates are made liable in courts of law for services rendered to them, or for property or money furnished for their use, to the extent to which they would be held liable in courts of equity; and it was further held that the suit was certainly not a "case respecting title to land," in the sense attached to those words by the constitution and laws (Civil Code, §§ 6539, 5528), any more than would be any other suit which might eventuate in fixing a lien upon land.

For the reasons stated, we think the trial judge erred in sustaining the general demurrer of the Chatham Real Estate & Improvement Company. As heretofore stated, the grounds of special demurrer, except those met by special amendment, were not meritorious. 　　　　　　　　　　　　　　　　*Judgment reversed.*