## 6765. THURMAN v. WILLINGHAM *et al.*

WADE, C. J. 1. "A materialman who has furnished articles to a contractor for the improvement of the real estate of another can not maintain a separate action at law against the landowner, until he has first obtained a judgment against the contractor." *Buck* v. *Tifton Manufacturing Co.*, 4 *Ga. App.* 695 (62 S. E. 107); *Baldwin* v. *Shields*, 134 *Ga.* 221 (67 S. E. 798). However, a materialman may concurrently sue the contractor and the owner. *Castleberry* v. *Johnston*, 92 *Ga.* 499 (17 S. E. 772).

2. "No dilatory answer shall be received or admitted unless an affidavit shall be made to the truth thereof, and [it] must be filed at the first term." Civil Code, § 5641. "Pleas to the jurisdiction must be pleaded in person, and must, when relied on, be pleaded specially, unless a want of jurisdiction appears on the face of the proceedings—in which case it may be taken advantage of on motion." Civil Code, § 5665. The "want of jurisdiction" just mentioned refers to jurisdiction of the subject-matter involved in the suit, and not to the person. *Long* v. *Ivey*, 12 *Ga. App.* 147 (76 S. E. 1055); *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E. 363); *Jackson* v. *Hitchcock*, 48 *Ga.* 491; *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790).

3. The city court of Atlanta having jurisdiction of the subject-matter involved in this suit (*Cooper* v. *Jackson*, 107 *Ga.* 225, 33 S. E. 60; *Williams* v. *Chatham Real Estate &c. Co.*, 13 *Ga. App.* 42, 78 S. E. 869; *Edenfield* v. *Bank of Millen*, 7 *Ga. App.* 645, 7 S. E. 896), and the law being that "if a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court," it was too late for the defendant, after having filed an answer denying the plaintiff's right to recover, to move at the trial term to dismiss the petition on the ground that the court was without jurisdiction of the person of the defendant. *McGahee* v. *Hilton & Dodge Lumber Co.*, 112 *Ga.* 513 (37 S. E. 708); *Hall* v. *Tiedman*, 141 *Ga.* 602 (81 S. E. 868).

4. "Want of title in the defendant to the premises on which the lien is claimed, and alleged title in a third person who is no party to the suit, will not bar an action for foreclosing and enforcing the statutory lien of a materialman. . . 'Every legal interest in real and personal property can be' seized and sold." *James G. Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.*, 140 *Ga.* 593 (79 S. E. 465). See also *National Bank* v. *Danforth*, 80 *Ga.* 55, 68 (7 S. E. 546).

5. Sections 5559 and 5664 of the Civil Code of 1910 "must be construed together; and where a party pleads to the merits, and no question as to the jurisdiction of the court is made, defects in the process and in the entries of service are thereby waived, notwithstanding the filing of a demurrer at the same time." *Carter* v. *Smith*, 5 *Ga. App.* 804 (63 S. E. 932).

6. The plea to the jurisdiction came too late, and the trial judge did not err in refusing to allow the plea.     *Judgment affirmed.*

DECIDED JULY 11, 1916.

Lien foreclosure; from city court of Atlanta—Judge Reid. April 13, 1915.

*George Gordon,* for plaintiff in error.

*Bryan & Middlebrooks,* contra.