11004.   HUGHES *v.* JEFFERSON STANDARD LIFE INSURANCE CO.

SMITH, J. 1. Section 3 of the act creating the city court of Camilla (Ga. L. 1905, p. 184) is broad enough to vest that court with jurisdiction to establish liens on real estate, that section being as follows: "The city court of Camilla shall have jurisdiction to try and dispose of all civil cases of whatever nature of which the superior court of Mitchell county has jurisdiction, except in those cases over which the exclusive jurisdiction is vested in the superior court by the constitution and laws of this State."

2. In a suit upon promissory notes a prayer for the establishment of a special lien on real estate, conveyed as security for the payment of the debt evidenced by the notes, does not render the proceeding a " case respecting title to land;" and in such a suit the city court of Camilla has jurisdiction to declare a special lien on the realty. *Dixon* v. *Bond*, 18 *Ga. App.* 45 (1) (88 S. E. 825). See also *Edenfield* v. *Bank of Millen*, 7 *Ga. App.* 645 (7 S. E. 896).

3. Want of title in the defendant to the premises on which the lien is claimed, and alleged title in a third person who is no party to the suit, will not bar an action for foreclosing and enforcing the statutory lien. *Thurman* v. *Willingham*, 18 *Ga. App.* 395 (89 S. E. 442), and cit.

4. For the reasons given above, the trial judge did not err in sustaining the demurrers to the affidavit of illegality and ordering the levy to proceed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 11, 1920.

Affidavit of illegality; from city court of Camilla — Judge Burson.  July 30, 1919.

*M. A. Warren, A. S. Johnson,* for plaintiff in error.

*Bryan & Middlebrooks, Peacock & Gardner,* contra.