*F. H. Saffold,* for plaintiff in error.

*R. H. Humphrey, A. W. Jordan,* contra.

13526, 13594. ROBERTSON *v.* TALLULAH FALLS RAILWAY COMPANY; and *vice versa.*

JENKINS, P. J. 1. An amendment to a petition which materially changes the cause of action opens the whole petition as amended to demurrer. An immaterial amendment does not render it thus subject. Civil Code (1910), § 5652; *Kelly* v. *Strouse,* 116 *Ga.* 872 (1, b) (43 S. E. 280). While it appears that the amendment filed in this case was of such material character as would subject the petition as a whole to demurrer, this principle of law is not actually involved in the case, for the reason that the bill of exceptions does not indicate that any objection was made by the plaintiff to the consideration of the demurrer, upon the ground that it came too late, nor is any exception taken to its consideration at the time it was entered, the only exception being that the ruling of the judge in sustaining the demurrer was contrary to law, in that he should have " then and there refused to sustain " the same, and should have " allowed said case to be heard and determined on its merits."

2. The provision of section 5631 of the Civil Code (1910) that a demurrer may be founded " upon the want of jurisdiction in the court " is not limited to questions of jurisdiction of the court over the subject-matter; but where the petition plainly shows upon its face a want of jurisdiction over the person of the defendant, or the absence of requisite jurisdictional averments with reference to the person, the defendant is not relegated to the necessity of filing a plea to the jurisdiction, but may raise such questions by demurrer. *Kendrick* v. *Whitfield,* 20 *Ga.* 379; *Coney* v. *Horne,* 93 *Ga.* 723 (3) (20 S. E. 213); *Williams* v. *Black,* 69 *Ga.* 770; *Cox* v. *Potts,* 67 *Ga.* 521, 527; *Wallace* v. *Southern Express Co.,* 7 *Ga. App.* 565 (67 S. E. 694); *Thurman* v. *Willingham,* 18 *Ga. App.* 395 (2, 3) (89 S. E. 442). What was there said (construing the words " want of jurisdiction " in section 5665 of the Civil Code (1910) as referring " to jurisdiction of the subject-matter involved in the suit, and not to the person ") appears to have had reference merely to the question of waiver by appearance and pleading, and not to any question as to the manner of pleading the want of jurisdiction of the person. This is likewise true of other cases there cited and relied upon by the plaintiff in error. See Civil Code (1910), § 5664; *McGahee* v. *Hilton &c. Lumber Co.,* 112 *Ga.* 513 (37 S. E. 708).

3. " The courts will take judicial notice of a charter granted to a railroad company by the secretary of State under the general law providing for the incorporation of such companies." *Atlanta &c. R. Co.* v. *A., B. & A. R. Co.,* 124 *Ga.* 125 (1), 127 (52 S. E. 320); *Railroad Com.* v. *Macon Ry. & Lt. Co.,* 151 *Ga.* 256, 257 (106 S. E. 282); *Ga. So. & Fla. Ry. Co.*

v. *Smiley*, 151 *Ga.* 795, 798 (108 S. E. 273) ; *Griffin* v. *State*, 15 *Ga. App.* 521 (5), 531 (83 S. E. 891).

4. An action for libel against a railroad corporation chartered under the laws of this State, where the alleged libelous publication is made beyond the limits of this State, must be brought in the county of its principal office as provided by its charter provisions.   Civil Code, §§ 5526, 6543; *McCall* v. *Cen. of Ga. Ry. Co.*, 120 *Ga.* 602, 604 (48 S. E. 157); *Atlanta &c. Ry. Co.* v. *Wilson*, 116 *Ga.* 189, 192 (42 S. E. 356); *Wallace* v. *So. Express Co.*, supra.   The averments of the amended petition showing that the alleged libelous act upon which the suit is predicated occurred in the State of New York, and the defendant railroad corporation being suable only in Habersham county, the location of its principal office, and not in Rabun county where the suit was brought, the court upon this jurisdictional ground properly sustained the demurrer; although the petition was not subject to demurrer upon the ground of duplicity or misjoinder, since the allegations and prayer seeking a recovery of money had and received in addition to general and special damages for the libel were stricken by the amendment.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed.  Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 10, 1923.

Action for libel; from Rabun superior court — Judge J. B. Jones. February 28, 1922.

*T. L. Bynum, J. C. Edwards & Sons,* for plaintiff.

*R. E. A. Hamby, R. C. Ramey, Charters, Wheeler & Lilly,* for defendant.