John Knight, et al., plaintiffs in error, vs. William Knight 27 633 'e124 806 administrator, defendant in error.

A. *dies testate in Henry county. His will is proven and admitted to record in that county. An application is made to revoke the letters testamentary, on account of the birth of a posthumous child unprovided for. In the meantime, that part of Henry county including the testator's residence, at the time of his death, has been cut off into Spalding; and the administrator de bonis non cum testamento annexo, has removed to Texas.*

*Held,* That Henry county had jurisdiction of the proceeding; that the right to transfer to Spalding was a personal privilege, and that in this and all similar cases, all done previous to the application in the original county, was rightly done, and valid.—McDONALD J. dissenting.

Proceedings to set aside and vacate will, and to declare an intestacy, in Henry Superior Court.   Before Judge CABANISS at April Term, 1858.   Appeal from Ordinary.

This case was heard in the Court below, upon the following agreed statement of facts:

Charles Knight died in the county of Henry, and his will was admitted to probate in common form, in the Court of Ordinary of that county.   Some years after the probate of the will as aforesaid, the new county of Spalding was created and organized, and that portion of the county of Henry, in which testator resided at the time of his death, was cut off and included in the new county of Spalding.   This was an application in the Court of Ordinary of Henry county, on the part of John Knight and others, to vacate and set aside the probate of said will, and to declare an intestacy on the ground of the birth of a posthumous child of deceased, unprovided for by his will.   The administrator with the will annexed, had removed to the State of Alabama, and a rule to show cause, &c., had been served on him by publication.

At the trial, counsel for the administrator moved to dismiss the proceedings, on the ground that the Court of Ordinary of Spalding county, and not of Henry county, had jurisdiction of the cause.   The Court overruled this motion.

Counsel for the administrator then moved to transfer the case to the county of Spalding, to be there tried and disposed of.   This motion the Court granted, and ordered the cause to be transferred to the Superior Court of the county of Spalding; and counsel for movants excepted.

DOYAL & NOLAN;  and TIDWELL & WOOTTEN, for plaintiffs in error.

J. Q. A. ALFORD, *contra.*

Knight et al., vs. Knight, adm'r.

*By the Court.*—LUMPKIN J. delivering the opinion.

We see no constraining reason for reversing the judgment of the Circuit Court, directing this case to be transferred to Spalding county. Should the probate of the will be vacated, as it likely will be, and an intestacy declared, on account of the birth of a posthumous child, unprovided for, letters of administration must be granted on the estate in Spalding county. That being so, why not transfer the record there at once? When Taylor was cut off from Crawford county, a judgment in ejectment had been rendered in Crawford, but before a writ of possession issued, there was an application made to set aside the judgment, on the ground, that there was no process to the declaration. Pending the application, a motion was made to transfer the case to Taylor, the land in dispute lying in that county. It was granted, and this Court affirmed the judgment; mainly upon the ground, that if the judgment in ejectment stood, the writ of possession would have to issue and be enforced in Taylor county. We think the two cases very similar. Both were new cases, springing out of the original proceedings. And in both, the object was to set aside the judgment.

So at the last Term of Macon Court, a will was offered for probate in Sumter and caveated. The judgment of the Ordinary was appealed from to the Superior Court. In the meantime, Schley was carved out of Sumter and the contiguous counties, and took in the late residence of the testator. We held, upon writ of error, that the cause pending on the appeal was properly transferred to Schley.

It is argued, that a *scire facias* to reverse a judgment issues from the county where the judgment was rendered; and is sent to the county of the defendant's residence. True, because in that case, the defendant voluntarily removes from the county, where the judgment against him was obtained. But were he cut off into another county, by Act of the Legislature, or by operation of law, this might not be so.

The judgment of the Ordinary is not final, but conditional. If a posthumous child born and no suitable provision is made for it, the probate is revoked; that is this case.

This right to transfer, is a question of privilege, rather than of constitutional law. And may be waived by the party. And all done, up to that time, will be adjudged to be *recte acta.* Otherwise, the most serious inconveniences would result. Hence, the Court was right in refusing to dismiss the proceedings because the county of Spalding alone and not Henry, had jurisdiction of the case.

Judgment affirmed.

BENNING J. concurring.

The substance of the facts of this case, was, I think, as follows: In 1837, Charles Knight died, in Henry county, leaving a will. In that county, the will was admitted to probate, and letters testamentary on it were granted to —— Knight. He, as executor, went on to execute the will, making his returns in that county. In 1852, a motion was made in the Court of Ordinary of that county, to set aside the probate, the ground of the motion, being, that a child was born to the testator, after the execution of the will. Pending this motion, a motion was made to transfer the case to Spalding county, of which last motion, the ground was, that the part of Henry in which, the testator resided at his death, had been cut off from Henry, and made a part of Spalding. This last motion the Court granted; and its judgment was affirmed by the Superior Court.

These being the facts, the question is, whether the Court was right, in sending the case over to Spalding county? I rather think that the Court was. The case as it seems to me falls within the principle of the decision, in *Bain vs. Wimbish,* a decision made at Macon, in January, 1859.

I am not prepared to say, that I think, that the case was

one in which, the Act of the Legislature, cutting of the part of Henry, and making it a part of Spalding, did *per se*, deprive the Court in Henry of *jurisdiction.* The effect of that Act, was, however, I think, at least this much, viz: to give to any of the parties interested in the estate, the *privilege* to have the case transferred to Spalding, at their option—Consequently, I think, that if no party interested in the estate, had availed himself of this privilege, and insisted upon a transfer of the case to the new county, the subsequent acts of the Court in Henry, would have been binding.

I am in favor of affirming the judgment.

McDONALD J. dissenting.