IRISH-AMERICAN BANK *vs.* CHARLES O. BADER.

Argued Nov. 21, 1894.   Affirmed Dec. 7, 1894.

No. 9002.

**Variance between the slanderous words charged and the words proved.**

The slanderous words charged were: "There is a run on the Irish-American Bank"; "the Irish-American Bank has suspended"; "the Irish-American Bank is no good anyway"; "the Irish-American Bank closed its doors at two o'clock to-day." The words proved were: "Have you got any money in the Irish-American Bank? If you have any there, you had better be getting it out." *Held*, that there was a material variance between the words charged and the words proved.

**Words uttered to plaintiff at his request and heard by no one else not actionable.**

The cashier of the plaintiff, having heard that defendant had circulated reports regarding the solvency of the bank, requested a friend to go with him to interview the defendant and "see what there was about it." On meeting him, they opened up a conversation, by which they led him up to the subject of what he knew about the condition of the bank. What was said by defendant on this occasion was induced by the cashier and his friend, and was not addressed to or heard by any one else. *Held*, that words uttered under such circumstances are not actionable.

Appeal by plaintiff, the Irish-American Bank of Minneapolis, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made March 19, 1894, denying its motion for a new trial.

Action against defendant, Charles O. Bader, for slander whereby a number of plaintiff's customers were induced to withdraw their deposits and stop doing business with it and whereby it was greatly

injured in its credit and reputation, to its damage $5,000. When plaintiff's evidence was all given defendant moved the court to direct a verdict in his favor. The motion was granted. Defendant excepted and afterwards moved for a new trial. The court denied the motion, saying:

When the only publication of slanderous matter is one brought about by the plaintiff's own act, it is not sufficient to give a right of action. The maxim *volenti non fit injuria* applies. Damages cannot be recovered for the repetition of slanderous words spoken by another, whether true or false, when such words were repeated by the defendant at the request of the plaintiff or at his instance. *Haynes* v. *Leland*, 29 Me. 233; *Sutton* v. *Smith*, 13 Mo. 120; *Heller* v. *Howard*, 11 Ill. App. 554; *King* v. *Warring*, 5 Esp. 15; *Smith* v. *Ward*, 3 Camp. N. P. 323; *Warr* v. *Jolly*, 6 Car. & P. 497; *Weatherston* v. *Hawkins*, 1 T. R. 110.

*Rea, Hubachek & Healy*, for appellant.
*McHale & Abell*, for respondent.

MITCHELL, J. Action for slander. When plaintiff rested, the court dismissed the action; and the only question necessary to be considered is whether there was any evidence tending to prove the speaking of the words charged, which were as follows: "There is a run on the Irish-American Bank"; "the Irish-American Bank has suspended"; "the Irish-American Bank had but $13,000 in money last May"; "and is no good anyway"; "the Irish-American Bank closed its doors at two o'clock to day."

It appears that Scallen, the cashier of the bank, was informed by one Doran that there were rumors afloat that the bank had suspended, and that the report had originated with defendant. Thereupon Scallen suggested to Doran that they had better go and interview defendant, and "see what there was about it," and "shut the thing off," as it might start a run on the bank, and requested Doran to go along with him for that purpose. When they arrived at defendant's place of business, they opened a conversation with him in which they led him up to the subject of the condition of the bank. There is evidence tending to prove that in the course of this conversation defendant spoke some of the words charged. But there

is no evidence that the words then spoken were addressed to or heard by any one except Scallen and Doran. It also appears very clearly that whatever defendant said on that occasion was induced by Scallen and Doran themselves. Uttering slanderous words under such circumstances is not actionable. Scallen, the cashier, and his friend Doran, who went with him at his request, must both be deemed as representing the bank, as respects that interview. The case is, in effect, one where the words were uttered in the presence of the person slandered, only, and were so uttered at his instance.

Hence, the question whether plaintiff had produced evidence tending to establish its cause of action depends entirely upon the testimony of the witness Coleman as to what defendant said to him on a previous occasion. The only words spoken by defendant testified to by this witness are: "Coleman, have you got any money in the Irish-American Bank? If you have any there, you had better be getting it out."

While it is not necessary to prove the exact words charged, but will be sufficient to prove their substance, yet the words proved must be substantially the same. Proof of different words, although conveying the same general idea, is not sufficient. While the words charged and those proved in this case may both reflect upon the solvency of the bank, yet they are not the same in substance. The evidence did not tend to prove the speaking of the words charged.

During his examination the witness was also got to say that defendant made "a few remarks that the banks were all failing, and that he had heard that the bank was failing"; "he didn't say the bank had closed, but it was liable to close, or some words to that effect"; "that there were rumors around that they were failing, or going to fail, or had failed,—something to that effect," as near as he could understand or remember. To say nothing of the material variance between these words and the words charged, it is perfectly evident from the entire testimony of the witness that he did not pretend to give the words of the defendant, or even their substance, but merely his impressions as to their meaning and effect. He admitted that, as banks were failing all around, he did not pay much attention to what defendant said, and disclaimed being able to give any of his words, even in substance, except the inquiry as to whether

the witness had any money in the bank, and the suggestion that, if he had, he had better get it out.

This kind of evidence was entirely too vague and uncertain to support a verdict. The action was properly dismissed.

Order affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 328.)