(65 Misc. Rep. 169.)

### CONNORS v. COLLIER.

(Supreme Court, Special Term, Erie County. October, 1909.)

1. LIBEL AND SLANDER (§ 94*)—PLEADING—JUSTIFICATION.

The facts relied on to justify a libelous charge must be pleaded; a general averment of the truth of the libel not amounting to a justification, unless the libel consists of a specific statement of fact.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 221; Dec. Dig. § 94.*]

2. LIBEL AND SLANDER (§ 54*)—DEFENSES—JUSTIFICATION—TRUTH.

A charge that plaintiff met a Polish union labor leader and split his scalp with two blows from a heavy cane was not justified by proving that plaintiff had an altercation with a certain union man, and it was publicly charged and believed that he assaulted such person with a heavy cane.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 152; Dec. Dig. § 54.*]

3. DISCOVERY (§ 38*)—EXAMINATION—EXAMINATION BEFORE TRIAL—RIGHT.

Where a paragraph of the answer in libel was insufficient as a justification, defendant was not entitled to an examination of plaintiff before trial as to the matters alleged therein, but was entitled to an examination as to matters alleged in another paragraph of the answer, which constituted a justification.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

4. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—MATTERS WITHIN DEFENDANT'S KNOWLEDGE.

In libel, where the matters alleged in the answer in mitigation of damages were within defendant's knowledge, defendant was not entitled to examine plaintiff before trial as to such matters.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

5. LIBEL AND SLANDER (§ 47*)—DEFENSES—CONSENT.

Consent to the publication of a libel is a complete defense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 132; Dec. Dig. § 47.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William J. Connors against Robert F. Collier. Plaintiff moves to vacate an ex parte order requiring him to be examined for defendant's use upon trial. Motion denied, and examination limited as stated.

Charles A. Dolson, for the motion.
L. L. Babcock, opposed.

BROWN, J. Plaintiff makes this motion on the ground that the answer of the defendant is insufficient, that there is no issue raised upon which plaintiff can be examined, that it is an insufficient answer, as a justification for the publication of a libel, to merely allege that the publication is true, that to constitute a defense of justification the answer must allege facts showing the truth of the charge, and that such justifying facts must be as broad as the charge, and that, because defendant's answer fails to allege facts showing the truth of the published charge, there is no issue of fact raised by such answer, and plaintiff cannot be examined relative to any facts that bear on the charge as published.

The law undoubtedly is that a mere general averment of the truth of a libel does not amount to a defense of justification. Facts must be pleaded, showing the charge to be true, unless in a case where the libel itself consists of a specific statement of the fact. Wachter v. Quenzer, 29 N. Y. 547; Lanpher v. Clark, 149 N. Y. 472, 44 N. E. 182; McKane v. Citizen, 53 Hun, 132, 6 N. Y. Supp. 171; Kingsley v. Kingsley, 79 Hun, 569, 29 N. Y. Supp. 921; Ball v. Publishing Company, 38 Hun, 11; Brush v. Blot, 16 App. Div. 80, 44 N. Y. Supp. 1073; Nunnally v. Mail & Express, 113 App. Div. 831, 99 N. Y. Supp. 647.

The libel complained of consists of a publication in defendant's National Weekly in July, 1908, occupying some nine columns, in which plaintiff is characterized as a dock scrapper; the stoutest man in a free fight; the merriest roysterer on a spree; thick-set, young tough; if they were too many for him he reached for the bung starter; if that failed, he took to the methods of Chinese Highbinders; when life in his own saloon became too peaceful and wearisome, he sallied forth at the head of his toughs, among whom he was king by right of might, to clean out the saloon of some dirty Democrat; the bruisers and toughs of a Connors, gathered from all the lake ports; the toughest saloon keeper of a tough saloon in all the dock region; and many other descriptions of a character likely to bring contempt, ridicule, and obloquy upon the plaintiff, including charges of conspiracy, riots, and assaults. The publication itself does not contain a statement of the facts upon which the foregoing characterizations of plaintiff could be based. The answer of defendant does not state facts justifying the use of the terms employed in the publication in describing plaintiff. Substantially every charge in the complaint stated to be libelous is answered by an attempted justification that falls short of being a complete answer; for instance, in the complaint it is charged that defendant published of and concerning the plaintiff:

"The record of how he split the scalp of a colaborer. Connors, nursing the sullen resentment of an animal which has been beaten in a fight, visited the

First ward to put a period to the strike. He had his gang at his back. Down the street came a Pole, a union leader among his countrymen. Connors called to him. The Pole, thinking that this was an invitation for a parley, approached. Connors was carrying a heavy, crooked cane. He hooked the crook about the Pole's neck, jerked him over close, and split his scalp with two blows of his staff."

The alleged justification for this publication is:

"The plaintiff did have an altercation with a certain union man, and it was publicly charged and believed in the city of Buffalo that he did assault such union man with a heavy, crooked cane, and beat such man therewith."

To publish a charge of assault in the second degree upon a colaborer cannot be justified by proving that plaintiff "did have an altercation with a certain union man." The fact that it was charged and believed that plaintiff did assault a union man is entirely immaterial as proof that the assault was in fact committed, and would afford no justification whatever for the published charge.

The only possible ground for the examination of the plaintiff is to prove defendant's defense of justification. As no complete defense is interposed to any alleged libel, there can be no examination relative to the matters referred to in the answer as being a justification for the alleged publication. The matters set forth in the answer, alleged in mitigation of damages, are all alleged to be within the knowledge of the defendant, and no necessity or reason for the examination of the plaintiff to procure evidence of those matters exists.

The answer, however, does contain a perfect defense of justification in the fifth separate answer, wherein it is alleged that plaintiff consented to and authorized the publication of the matter complained of.

Under the authorities (Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318; Bock v. Bock, 130 App. Div. 229, 114 N. Y. Supp. 473; Goldmark v. U. S. Company, 111 App. Div. 529, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 175, 100 N. Y. Supp. 704; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321), defendant is entitled to examine the plaintiff as to the matters alleged in paragraph 18 of the fifth separate answer.

An order may be entered, denying plaintiff's motion, but limiting the examination of the plaintiff to the matters last above referred to.