## 2277. WALLACE v. SOUTHERN EXPRESS COMPANY.

1. Lack of jurisdiction may be taken advantage of by demurrer, when it appears on the face of the record.
2. A resident corporation is suable for libel only in the county of its principal office or in the county of the publication of the libel.
3. The court will take judicial cognizance that the principal office of the Southern Express Company is not in the county of Glynn in this State.

Action for damages; from city court of Brunswick—Judge Krauss.    November 1, 1909.

Submitted February 21,—Decided April 6, 1910.

J. T. Powell, Ernest Dart, for plaintiff.

Bennet & Conyers, for defendant.

POWELL, J.    The plaintiff sued the Southern Express Company, alleging, that he had been injured by a libel mailed by its agent at Brunswick, Georgia, to a person in Gainesville, Georgia; that the person in Gainesville turned over the libel to the defendant's agent there, who in turn exhibited it to other persons and then remailed it to the agent who had written it.    Suit was instituted at Brunswick.    The principal office of the Southern Express Company (which is a domestic corporation) is not in Brunswick or in Glynn county, where Brunswick is located, but is in Augusta, in Richmond county.    The court takes judicial cognizance of this. The writing of libelous matter is not actionable; it is the publication that constitutes the wrong.    The publication in this case took place in Hall county.    Even if some outsider repeated the defamation elsewhere, this would not change the principle.    See Burdick, Torts (2d ed.), 298.    The plaintiff gained nothing from the statement that the alleged defamatory matter was afterward mailed back to its original writer at Brunswick.    Certainly it could not be considered as publication of the libel to recommunicate it by merely mailing it back to the person who originally uttered it.    The court should have dismissed the action, on the demurrer raising the question of jurisdiction, and not on the other grounds.    Indeed, the other matters (the jurisdiction being wanting) were not properly before the trial court, and are not properly before us.    The defendant was not entitled to a judgment concluding the merits of the case, but was entitled to a judgment dismissing the case for want of jurisdiction.    Direction is given that the judgment in the city court be amended accordingly.

*Judgment affirmed, with direction.*