## 2213. MUMFORD v. SOLOMON.

1. The cases in which the discretion of the judge of the superior court in the first grant of a new trial upon certiorari will not be disturbed are those in which there is some conflict in the evidence, and not those in which the decision is controlled wholly by law.
2. Pleas to the jurisdiction must be pleaded in person.
3. Where, in an action brought upon a bond, the plaintiff asks for nothing more than the express damages which the bond covenants he shall receive in the event there is a breach, the action is ex contractu.
4. A creditor may release a surety without affecting the liability of the principal. And it is of no concern to the principal what consideration moved the plaintiff to release his surety.
(a) A plea to the jurisdiction is one of personal privilege; and when a surety waives service and appears in court without protest as to the jurisdiction, it is to be assumed that the court has jurisdiction of his person.
(b) Jurisdiction of the surety gives jurisdiction of the principal.
5. The certiorari should have been dismissed.

DECIDED SEPTEMBER 20, 1910.

Certiorari ; from Fulton superior court—Judge Bell. September 24, 1909.

*Hines & Jordan,* for plaintiff. *C. B. Rosser Jr.,* for defendant.

RUSSELL, J. W. G. Solomon Jr. obtained a judgment in a justice's court against W. E. Mumford, and upon this judgment he sued out a garnishment. T. C. Dickson became surety for Solomon upon the garnishment bond. The garnishees answered that their indebtedness to the defendant was for wages as a laborer; and, upon the trial of a traverse of the answer, the judgment was in favor of the garnishees. Thereupon Mumford brought suit in a justice's court of Fulton county, upon the garnishment bond, against Solomon as principal and Dickson as surety. A second original was served upon Solomon in Bibb county, and, though Dickson was not served, he afterwards waived service, in consideration of a release from liability, promised him by Mumford. Solomon filed a plea to the jurisdiction, which was verified by his attorney, and he also filed general and special demurrers. The justice of the peace rendered a judgment in favor of Mumford against Solomon for $30 principal, and costs of suit. Solomon thereupon sued out a writ of certiorari, which was sustained by the judge of the superior court; and the writ of error challenges the correctness of the latter judgment. The evidence for the plaintiff was to the effect that he had been put to the expense of $30 for attorney's fees, by reason of the process of

garnishment which was sued out by the defendant Solomon; and there was no evidence other than the plaintiff's upon this subject. The bond which was the basis of the suit was conditioned for the payment by the principal of all costs and damages that might be sustained by Mumford in consequence of the garnishment, in the event that the money sought to be garnished was not subject to garnishment.

1. We think the judge of the superior court erred in sustaining the certiorari. This case does not come within the class of cases where the first grant of a new trial upon certiorari falls within the discretion of the judge, and where such discretion will not be disturbed. Those cases in which the judge may, in his discretion, grant a first new trial are those in which there is a conflict in evidence, and in which the decision is not plainly controlled by the law. In the present case nothing is involved but a pure question of law.

2. The justice of the peace properly struck the plea to the jurisdiction. It is not verified by the defendant, but was verified by his attorney. The code (Civil Code of 1895, § 5081) requires pleas to the jurisdiction to be "pleaded in person;" and, for this reason, not only the original plea, but also the several amendments thereto, were insufficient.

3. This left the principal defendant without any defense before the court, and the question then arises whether the court had jurisdiction of him by reason of its jurisdiction of the subject-matter and of the person of the surety, Dickson. It is insisted that the action sounds in tort, and that therefore the justice's court had no jurisdiction of the subject-matter. This contention would have been sustained if the plaintiff's suit had not been on the bond, but had asked for punitive damages, or for any damages accruing to the defendant other than the express items of damages specified in the bond itself. In this case, however, the plaintiff asked for nothing more than the damages which the bond covenanted he should receive in the event there was a breach. His right to recover does not arise ex delicto, but arises ex contractu. It is not an action for wrong he may have suffered by reason of any bad faith independent of the covenant, but it is an action for a breach of covenant as expressed in the bond. See *Fourth National Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453).

4. It is contended, however, that even if the action is not one in

tort, the court had no jurisdiction of the person of Solomon. It is also insisted that though the plaintiff had the right to sue the principal on the bond in the county of the surety's residence, yet by reason of the release of the surety and the failure to effect service upon him, there could be no recovery against the principal in Fulton county. The principal can not derive an advantage from the fact that the plaintiff agreed to release the surety; and the surety (who alone can object to the lack of service upon himself) does not make any point in his own behalf or offer any objection thereto. Whether his waiver of service was sufficient for all purposes or not, it was certainly sufficient to give the court jurisdiction of his person, unless the surety himself raised the point.

The plea to the jurisdiction is one of personal privilege, and when the surety waived service without protest as to the jurisdiction, it was to be assumed that the court had jurisdiction of the surety. This carried with it, under section 4078 of the Civil Code, jurisdiction of the person of the principal. And even though the plaintiff had released the surety in consideration of his acknowledment of service, this was of no concern to the principal. The release of the surety does not affect the principal; and there is a broad difference between jurisdiction and liability. The justice's court evidently declined to enter judgment against the surety because it thought his defense of release was sustained; but in order to pass upon this question, it was necessary that the court should have had jurisdiction of the person of the surety; and it did have such jurisdiction. We think there can be no question that the court had jurisdiction both of the subject-matter and of the person of the surety.

5. The evidence sustained the judgment of the justice's court, because the evidence that the plaintiff had assumed a liability of $30 for attorney's fees was not disputed. The certiorari should have been dismissed. *Judgment reversed.*