4165.   GOETCHIUS *v.* WHITE.

A sheriff, as a general rule, has no authority to serve process beyond the limits of the county in which the suit is brought and of which he is an officer.

DECIDED SEPTEMBER 17, 1912.

Complaint; from city court of Floyd county—Judge Reece. March 21, 1912.

*Lipscomb, Willingham & Wright, Nathan Harris,* for plaintiff.
*Eubanks & Mebane,* for defendant.

HILL, C. J.   The suit was brought in the city court of Floyd county, and was returnable to the June term, 1911.   In due time for that term the deputy sheriff of the county made a proper entry of personal service on the petition.   At the appearance term the defendant filed a motion to dismiss the petition, alleging that the service was invalid, because made in Chattooga county, where the deputy sheriff of Floyd county was without authority to make such service.   On the filing of this motion the judge, without hearing any evidence in support of the traverse of the entry of service, passed an order in which, after reciting that it appeared that the service was perfected beyond the limits of Floyd county, Georgia, and in the county of Chattooga, he directed that the defendant be again served with a copy of the petition and process, and that it be returnable to the September term of the city court of Floyd

county.  In compliance with this order the clerk of the court attached new process to the petition, returnable to the September term of the court, and personal service was made upon the defendant by the deputy sheriff.  No traverse was made as to this entry of service.  The motion to dismiss the petition on the grounds stated was filed on August 16, 1911, and on the same day the defendant filed a plea to the jurisdiction of the court, based on the ground that he was a non-resident of the county of Floyd and lived in the county of Chattooga; and on August 18, 1911, he filed a general demurrer to the petition.  On March 21, 1912, after argument, the court sustained the traverse to the entry of service of the petition, vacated the entry and the process, and dismissed the suit; and the plaintiff excepts to this judgment.

It is first insisted by the plaintiff that the entry of service made by the deputy sheriff of Floyd county was sufficient to put the burden of proving the ground of the traverse on the defendant, and that, without such proof, the order passed on August 19, 1911, sustaining the traverse and ordering the clerk to attach process returnable to the September term, was unauthorized.  It may be true that the sheriff's entry was sufficient prima facie, but the defendant took no exception to the order sustaining the traverse without evidence, but substantially accepted the benefit of the order, and he can not now be heard to contest it.

It is next contended by the plaintiff that the judge fully adjudicated the exception to the process when he sustained the traverse filed on August 16, 1911, and that the question was res judicata, and that he had no jurisdiction to enter the subsequent order dismissing the petition on March 21, 1912.  This position would unquestionably be sound if the judge had authority to pass the order on August 19, requiring that a second process be made returnable to a subsequent term.  Section 5570 of the Civil Code (1910) provides that "whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term."  If, therefore, the traverse of the original service had been sustained on the ground that the service was made too late, the order directing that additional service be made would clearly have been within the purview of the authority of the court, and the case would simply have stood returnable to the September

term.  Counsel for the plaintiff in error called attention to the fact that before the traverse was made to this second process, the defendant had appeared and filed a plea to the jurisdiction of the court, and had also filed a general demurrer, which was equivalent to a waiver of all defects in the process.  The view that we take of this case, under the admitted facts of record as herein stated, is that the order passed on August 19, directing that additional process be served upon the defendant, was a mere nullity; that it did not displace the traverse filed by the defendant, and that his appearance after the filing of this traverse did not constitute any waiver of his right to insist upon the ground of the traverse; and, the judgment sustaining the traverse being unexcepted to, assuming (as the court necessarily did in passing the order) that the ground of the traverse was true, it necessarily followed that the deputy sheriff of Floyd county, where the suit was pending, had no authority to make service of the process and petition on the defendant in the county of Chattooga, and the service was invalid.  For the reasons stated, we think that the judgment should be affirmed.  *Hood* v. *Powers,* 57 *Ga.* 244; *Peck* v. *LaRoche,* 86 *Ga.* 314 (12 S. E. 638).                    *Judgment affirmed.*