9937. WASH, guardian, *v.* KENNEDY, administratrix, *et al.*

Under the act of 1905 as to transfer of jurisdiction of suits pending in a county from which a new county is laid off (Civil Code of 1910, §§ 829 et seq.), jurisdiction of administration pending in the court of ordinary of Irwin county passed from that court to the corresponding court of Ben Hill county when the part of Irwin county in which the decedent at the time of his death and the administrator resided was cut off into Ben Hill county by the creation of the latter county; and the court of ordinary of Irwin county was without jurisdiction of a subsequent motion to vacate its judgment appointing the administrator. The superior court of Irwin county, on appeal, did not err in dismissing the case.

DECIDED APRIL 19, 1919.

Appeal; from Irwin superior court—Judge Eve. April 19, 1918.

*W. C. Lankford, Eldridge Cutts, H. E. Oxford, Quincey & Rice,* for plaintiff, cited: Civil Code (1910), §§ 5962-3, 5968, 5664; *Northern Contracting Co.* v. *Maddux,* 144 *Ga.* 687 (4); *Wash* v. *Dickson,* 145 *Ga.* 405, 540 (2), 545.

*Otis H. Elkins, McDonald & Bennett,* for defendant, cited: Park's Code, §§ 829, 5962; *A., B. & A. R. Co.* v. *Johnson,* 127 *Ga.* 392 (1); *Knight* v. *Knight,* 27 *Ga.* 633.

JENKINS, J. On the first Monday in September, 1903, L. Kennedy made application in the court of ordinary of Irwin county, for letters of administration upon the estate of William Wash, deceased, late a resident of that county. Citation was properly issued and notice thereunder given, and on the first Monday in October, 1903, the ordinary signed an order granting letters as prayed. Thereafter David Wash was appointed guardian for the minor children of the decedent, and on March 1, 1908, he filed a motion in the court of ordinary of Irwin county to vacate its judgment appointing L. Kennedy administrator; a rule was issued thereon and service made, and Kennedy, administrator, appeared and filed a demurrer and an answer. Upon the hearing in the court of ordinary, at the May term, 1908, the demurrer was sustained and the petition dismissed. An appeal was taken to the superior court of Irwin county, and that court sustained the demurrer and dismissed the petition. This judgment was reversed by the Supreme Court. See *Wash* v. *Wash,* 145 *Ga.* 405 (89 S. E. 364). When the case came on for a second hearing in the superior court of Irwin county the respondent amended his answer, and among other facts thus set forth were the following: that William

Wash died intestate April 14, 1903, while residing in a portion of Irwin county afterwards embraced in the county of Ben Hill, which came into existence on January 7, 1907; that Kennedy at the time of his appointment as administrator was a resident of the city of Fitzgerald, then in Irwin county, which city also on the creation of Ben Hill county became a part of the new county; that on January 12, 1907, James Whitley, as ordinary and clerk of the court of ordinary of Irwin county, certified and transmitted to the ordinary of Ben Hill county a transcript in the matter of L. Kennedy, administrator as aforesaid, embracing all proceedings pertaining to the administration, which transcript was filed in the office of the ordinary of Ben Hill county on February 4, 1907. The bill of exceptions shows that the amendment setting up these facts was "allowed subject to demurrer, in order that the legal points raised might be discussed pending the trial of said case, and the said amendments were therefore before the court, with the right of counsel for plaintiff to demur generally and specifically to the same, but such demurrers were not presented nor adjudicated, for the reason that the court, after hearing the pleadings and evidence, and ascertaining certain undisputed facts with reference to the record in said case, was of the opinion that the court was entirely without jurisdiction, because of the opinion entertained by the court that on the creation of Ben Hill county by the constitutional amendment, the jurisdiction of the cause of action alleged in the original petition in the ordinary's court and the amendment allowed thereto was not in the ordinary's court of Irwin county, but was in the ordinary's court of the new county of Ben Hill, and that the proceedings should have been brought in the ordinary's court of Ben Hill county, and that therefore, upon appeal, the superior court of Irwin county had no jurisdiction whatever." The bill of exceptions shows that the facts in the amended plea as set forth above were "either proven or admitted, or both proven and admitted," as well as the fact that the administration of the estate of William Wash had not been completed, but was still pending in the ordinary's court of Ben Hill county. After all the evidence for the plaintiff and the defendant had been introduced, the judge of the superior court, on motion of respondent's counsel, passed an order dismissing the case. Error is assigned upon this order, on the ground that the

court erred as a matter of law in ruling that the ordinary's court of Irwin county had no jurisdiction of the original cause of action; and further because the respondent, under the facts stated above, had admitted the jurisdiction of the court.

1. Even were it to be conceded that the court had jurisdiction over the subject-matter of the proceeding, the jurisdictional facts as above set forth being fully made to appear from the bill of exceptions and by the record, this court cannot hold that the court below erred in entertaining the motion to dismiss. Civil Code (1910), § 5665; *Northern Contracting Co.* v. *Maddux,* 144 *Ga.* 686 (4 *b*) (87 S. E. 892).

2. Under the provisions of the general act concerning the organization of new counties, approved August 21, 1905 (Civil Code of 1910, §§ 829 et seq), "When a new county is organized, the jurisdiction of all suits pending in the county or counties from which the new county has been laid off, of which, under the constitution and laws, the new county shall have cognizance, is transferred immediately to the corresponding courts in the new county." Prior to the passage of this act the creation of a new county did not per se deprive the court of ordinary of the original county of jurisdiction of subsequent acts pertaining to a pending administration; since, prior to the passage of that act, the right to transfer such proceedings was merely one of privilege (*Knight* v. *Knight,* 27 *Ga.* 633, 636); but after the passage of the act the court of ordinary thus having sole jurisdiction of the pending administration would be the proper and sole court to entertain a proceeding to vacate or set aside the judgment appointing an administrator over whom it thus exercised its authority. Under the facts and circumstances existing, the judgment appointing the administrator must be considered as the judgment of the court of ordinary of Ben Hill county, upon its taking and assuming jurisdiction of the subject-matter. See also, as bearing somewhat upon the proposition, *Atlantic & Birmingham Ry. Co.* v. *Johnson,* 127 *Ga.* 392 (56 S. E. 482, 11 L. R. A. (N. S.) 1119).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*