## 15567. McCONNON & COMPANY *v.* MARTIN *et al.*

JENKINS, P. J. 1. "Where the want of jurisdiction over the person is apparent upon the face" of the petition and proceedings, and the defendant has not waived his right to raise such question by plea, answer, or otherwise, he may take advantage of such defect by demurrer or motion to dismiss. *Kendrick* v. *Whitfield*, 20 *Ga.* 379; *Wallace* v. *So. Express Co.*, 7 *Ga. App.* 565 (67 S. E. 694); *Wash* v. *Kennedy*, 23 *Ga. App.* 618, 620 (1) (99 S. E. 158). See also *Northern Contracting Co.* v. *Maddux*, 144 *Ga.* 686 (4) (87 S. E. 892); *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E. 363); *Jackson* v. *Hitchcock*, 48 *Ga.* 491; *Long* v. *Ivey*, 12 *Ga. App.* 147, 148 (76 S. E. 1055); *Gower* v. *Fowler*, 1 *Ga. App.* 814 (57 S. E. 1054).

2. Jurisdiction as to the person may "be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." Civil Code (1910), § 5663; *Raney* v. *McRae*, 14 *Ga.* 589 (4), 593 (60 Am. Dec. 660); *Central Bank* v. *Gibson*, 11 *Ga.* 453 (4); *White* v. *North Ga. Elec. Co.*, 139 *Ga.* 587 (3) (77 S. E. 789); *Smith* v. *Woolard*, 147 *Ga.* 58 (2), 60 (92 S. E. 867).

3. "Joint or joint and several obligors or promisors, or joint contractors . . residing in different counties, may be sued as such in the same action in either county in which one or more of the defendants reside." Civil Code (1910), §§ 5529, 6541. "If any of the defendants reside out of the county, the clerk shall issue a second original and copy for such other county or counties, and forward the same to the sheriff, who shall serve the copy and return the second original, with his entry thereon, to the clerk of the court from which the same issued." Civil Code (1910), §§ 5567, 5591; *Beasley* v. *Smith*, 144 *Ga.* 377 (2), 379 (87 S. E. 293); *Strauss* v. *Owens*, 6 *Ga. App.* 415 (65 S. E. 161); *Goetchius* v. *White*, 11 *Ga. App.* 456 (75 S. E. 674).

4. Where joint or joint and several guarantors are sued jointly, without the principal, and the petition, process, and returns of service show that both defendants are residents of another county, the appearance of one defendant guarantor will not constitute a waiver of jurisdiction as to the person of the other guarantor. But the latter may specially appear, and by demurrer or motion raise the question, shown on the face of the proceedings, that the court is without jurisdiction as to himself. The rule might be different under the holding made in *Mumford* v. *Solomon*, 8 *Ga. App.* 286 (4 *a, b*), 288 (68 S. E. 1075), where the defendant sought to be bound by the waiver is not a cosurety, or, as here, a coguarantor, but is the principal. Moreover, in the instant case it appears that the other non-resident guarantor, while filing a plea to the merits, did not in fact submit to jurisdiction of his person, but protested thereto in his demurrer filed at the first term, and subsequently filed a plea denying jurisdiction.

5. Under the facts appearing on the face of the record, the court was without jurisdiction over the person of the objecting defendant, and the judge did not err in dismissing the case as to him.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 17, 1925.

Complaint; from city court of Nashville—Judge W. R. Smith. February 22, 1924.

Suit was brought in Berrien county, in the city court of Nashville, against Wilkerson, principal, as a resident of that county, and against Martin and Studstill as coguarantors. There was no service on Wilkerson, who it appears from the record was a nonresident of the State, and an order was taken striking his name. The record shows that neither of the guarantors was a resident of Berrien county. The petition alleged that Studstill was a citizen of Lanier county. It was originally alleged that Martin was a citizen of Berrien county, and process against him was directed to the sheriff of that county, but after the sheriff had made a return that neither of the defendant guarantors could be found in Berrien county, an order was taken reciting that Martin "has not been served with a copy of the petition and process in this cause," and directing that "a new process issue, that the defendant . . Martin be served with the original petition and process and with copy of this order and new process, and that the June term be the appearance term as to . . Martin," and the clerk thereupon issued a second process, procured by the plaintiff, which was directed to the sheriff of Lanier county, who thereupon made the following return: "I have this day served the defendant . . Martin with a true and correct copy of the same in person." The record does not show whether the reference to a "copy of the same" was intended to refer to the second process, or the order to perfect service, or to what paper. Martin filed a "demurrer" in the nature of a motion to dismiss the petition and process as directed to the sheriff of Lanier county; questioning the jurisdiction as to himself, and setting forth that the proceedings showed on their face that the city court of Nashville had no jurisdiction, and that the only court with jurisdiction was the superior court of Lanier county. Studstill also filed a demurrer, contesting the jurisdiction as to himself, and, though filing a plea to the merits, subsequently filed a plea denying jurisdiction. The court sustained the demurrer or motion of Martin, and dismissed the suit as to him; and the plaintiff excepted.

*Hendricks & Hendricks,* for plaintiffs.

*W. D. Buie, P. T. Knight,* for defendants.