MANSFIELD DRISKELL, Respondent, v. CHARLES ALFANO, Appellant.

Defendant, an investigator in the employ of the Division of Licenses in the State Department of this State, in the course of executing his duties on July 7, 1955, observed what he thought were various violations of law committed in a barbershop owned by one Ralph Frazier. Frazier told defendant that he, Frazier, was Mansfield Driskell (the plaintiff), at the same time exhibiting Driskell's expired license as an apprentice barber, which the latter had left at the shop. The license was without the required photograph attached thereto. Frazier had similarly identified himself as Driskell to defendant on a previous occasion. Defendant accordingly procured a summons to be issued, directed nominally against Driskell. Subsequently, after no one appeared in response to the summons, a bench warrant was issued by a Police Justice, directed against this plaintiff, and he, and not Frazier, was arrested. When it became apparent at the trial that the man known to defendant as Mansfield Driskell was in reality Ralph Frazier, the case against plaintiff was dismissed. Plaintiff thereupon brought this action. Plaintiff knowingly or negligently permitted the use of his license in the shop even after it had expired — a license which had been procured by concealment of a prior criminal record. He therefore cannot complain of the injury to which his conduct contributed (Mechem, Public Officers, § 680, p. 452; 22 R. C. L., § 162, p. 485). The maxim *volenti non fit injuria* is here applicable (cf. *Beck* v. *Oden,* 64 Ga. App. 407). Finding of fact No. 3, insofar as it states that to the plaintiff's apprentice barber's license exhibited to the defendant there "was attached a photograph of plaintiff clearly delineating his facial features," is reversed; and, in lieu thereof, a finding is made that there was no such photograph, or any photograph, attached to such license.

The following additional findings of fact are made: (a) Plaintiff either knowingly or negligently permitted the use of his license by one Frazier without plaintiff's identification photograph being attached thereto. (b) On the day of his arrest, as well as on a prior occasion, namely, on November 30, 1954, plaintiff either knowingly or negligently permitted his license to remain in Frazier's shop and to be wrongly exhibited to defendant by Frazier, even though plaintiff did not then work in such shop and was absent therefrom. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.