### 51336. TAYLOR v. ST. JOSEPH HOSPITAL, INC.

CLARK, Judge.

This is an appeal by a plaintiff in a defamation action from a directed verdict granted upon motion to defendant. After having been employed as a switchboard operator by defendant hospital for 12 years and 2 months, plaintiff was discharged. The reason for terminating employment was stated as nonperformance or unsatisfactory performance of duties.

This suit was not brought in contract for wrongful discharge but was based upon that portion of Code § 105-702 as to "charges made against another in reference to his trade, office, or profession, calculated to injure him therein. . ." The allegedly defamatory information was contained in the employer's private personnel files and in employer's communications with the Georgia Department of Labor. As these records and communications are deemed to be privileged, we affirm.

1. "There is no publication giving rise to a claim for libel when a report written by the immediate supervisor evaluating the performance of her duties by a corporate employee, being critical of the employee and her performance, is sent to the employee herself, to the director of the division of the corporation in which the employee works, to members of the office personnel committee, whose duties include the evaluating of the performance of employees on the job for retention on the job, transfer, promotion or discharge, this being done largely through the use of personnel files maintained on the employees, and to the secretary of the committee, who is in charge of the maintenance of the files." *LuAllen v. Home Mission Board,* 125 Ga. App. 456, 457 (2a) (188 SE2d 138).

2. "Code Ann. § 54-642.1, compiled from the acts of 1941 and 1945 (Ga. L. 1941, p. 548; Ga. L. 1945, pp. 331, 332), provides: 'All letters, reports, communications or any other matters, either oral or written, from the employer or employee to each other or to the Employment Security Agency or any of its agents, representatives or employees which shall have been written, sent, delivered, or made in connection with the requirements of the administration of this Chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any suit or slander or libel in any court of the State of Georgia.' Accordingly, the alleged publication was absolutely privileged and by the express terms of the above acts, such publication could not be made the basis of a libel action in any court of the State of Georgia." *Brantley v. Heller,* 101 Ga. App. 16, 20 (112 SE2d 685).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED DECEMBER 2, 1975.

*Bobby G. Beazley,* for appellant.
*Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet,* for appellee.