**Robert C. OTTENI, Plaintiff-Appellant,**

v.

**HITACHI AMERICA, LTD.,**
**Defendant-Appellee.**

**No. 81–7904**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 11, 1982.

B. Dean Grindle, Jr., Atlanta, Ga., for plaintiff-appellant.

Kilpatrick & Cody, Thomas C. Shelton, Duane C. Aldrich, Thomas H. Christopher, Atlanta, Ga., for defendant-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

We affirm the district court's summary judgment for the defendant in this diversity defamation action.

The alleged defamatory statements were made in a letter to plaintiff's counsel by the general counsel of the corporate defendant. The letter, written in response to a demand for certain termination pay that suggested plaintiff's firing was without cause, stated the reasons for the discharge. A copy of the letter was sent to three corporate employees: the general manager to whom the plaintiff's attorney had addressed the demand, the administrative manager and corporate secretary to whom the general counsel was responsible, and the accounting manager of the Atlanta facility where the plaintiff had been employed. Defendant claimed that the letter had not been published under the Georgia law of libel. The district court agreed.

■ Sending the letter to plaintiff's attorney did not constitute publication because it was in response to a demand for payment on plaintiff's behalf. *See King v. Masson*, 148 Ga.App. 229, 251 S.E.2d 107 (1978); *Beck v. Oden*, 64 Ga.App. 407, 13 S.E.2d 468 (1941). The discussion of reasons for plaintiff's discharge was appropriate because defendant's liability for some of the money demanded turned on whether or not the termination was for cause.

■ The sending of the copies to the corporate officers was not a publication. Numerous Georgia cases have held that communication by one corporate agent to another in the course of their duties is not publication. *E.g., Jackson v. Douglas County Electric Membership Corp.*, 150 Ga.App. 523, 258 S.E.2d 152 (1979); *Taylor v. St. Joseph Hospital, Inc.*, 136 Ga.App. 831, 222 S.E.2d 671 (1975); *Lu Allen v. Home Mission Board of Southern Baptist Convention*, 125 Ga.App. 456, 188 S.E.2d 138 (1972); *King v. Schaeffer*, 115 Ga.App. 344, 154 S.E.2d 819 (1967); *George v. Georgia Power Co.*, 43 Ga.App. 596, 159 S.E. 756 (1931);

*Central of Georgia Railway Co. v. Jones*, 18 Ga.App. 414, 89 S.E. 429 (1916). No evidence suggests that the letter was not transmitted in the course of appropriate corporate duties.

■ Plaintiff's basic argument seems to be that the Georgia Court of Appeals cases upon which the district court relied confuse publication and privilege. Since plaintiff admits, however, that "there are no reported decisions from the Supreme Court of Georgia on the issue," the federal court was justified in relying on the consistent body of intermediate appellate law, however the decisions may be reasoned.

AFFIRMED.